[No. 1199.]

FUQUA v. THE PEOPLE.

CRIMINAL LAW—APPEAL FROM JUSTICE OF THE PEACE TO COUNTY
    COURT—AUTHORITY TO ENTER JUDGMENT.

In an appeal from a conviction in a criminal case before a justice of the
    peace to the county court, the only authority the county court has to
    render judgment against the defendant and the surety is contained
    in sec. 2048, Gen. Stats. (Mills' Ann. Stats. sec. 2772) and is limited
    to the fine assessed by the jury and the costs. If no fine is assessed
    by the jury there is no authority for the rendition of judgment by
    the court.

*Error to the County Court of La Plata County.*

Messrs. RITTER & RUSSELL, for plaintiffs in error.

Mr. B. L. CARR, ATTORNEY GENERAL, and Mr. CALVIN
E. REED, for defendant in error.

THOMSON, P. J., delivered the opinion of the court.

Rosa May Fuqua, one of the plaintiffs in error, was ar-
rested and tried for the larceny of $18.00 before a justice
of the peace, who found her guilty, assessed a fine against
her and rendered judgment for the amount of the fine and
costs. From this judgment, she appealed to the county
court. Phillip Gerow, the other plaintiff in error, was
surety on the appeal bond. In that court she was tried
by a jury, who, after hearing the evidence and being in-
structed by the court, returned the following verdict: "We,
the jury, find the defendant guilty in the manner and form
as charged in the complaint, and find the value of the prop-
erty stolen at $18.00." Upon this verdict the court as-
sessed a fine against her of $25.00, and rendered judg-
ment for that amount and $121.15, taxed as costs, against
the defendant and the surety on the appeal bond. From
that judgment error has been prosecuted to this court.

The only question we care to consider is whether the court had any authority to render judgment on the verdict. Section 2047 of the General Statutes provides for appeals by persons convicted of criminal offenses before justices, to the county court. Section 2048 is as follows: "If the defendant shall be found guilty in the county court, judgment shall be rendered against both principal and security in the appeal bond for the amount of the fine assessed by the jury in said court, and all costs that may have accrued." In a criminal case brought into the county court by appeal from a justice of the peace, the only authority of the court to render judgment in the case against the defendant and the surety on the appeal bond, is contained in the latter section; and the judgment authorized is limited by the terms of the section to the fine assessed by the jury, and the costs. Without the assessment of the fine by the jury, there is no authority for the rendition of the judgment by the court. As the jury assessed no fine in this case, the judgment was unwarranted, and must be reversed.

*Reversed.*