[No. 4373.]

## VICKERS v. THE PEOPLE.

**Assault and Battery—Penalty—Imprisonment—Jurisdiction of County Court on Appeal from Justice of the Peace.**

On appeal from a conviction for assault and battery before a justice of the peace, the county court has jurisdiction to sentence the defendant to confinement in the county jail, upon conviction in that court.

*Error to the County Court of Park County.*

Mr. JOHN A. RUSH and Mr. JAMES OWEN for plaintiff in error.

Mr. C. C. POST, attorney general, Mr. JAMES D. MERWIN and Mr. GEORGE M. POST, assistants attorney general, and Mr. AUGUST PEASE for the people.

Mr. Justice Steele delivered the opinion of the court.

From a conviction before a justice of the peace the defendant appealed to the county court, where he was again tried and convicted. After motion for new trial was denied, the defendant was sentenced to a term of ninety days in the county jail, and judgment was rendered against the defendant and his sureties upon the appeal bond for the amount of costs. The defendant comes here by writ of error.

The only question submitted for our consideration is whether, upon appeal from a justice of the peace, the county court has jurisdiction to sentence a defendant to a term in the county jail. Our attention is directed to sections 2771 and 2772, Mills'Annotated Statutes, as the only statutes on the subject of appeals to the county court from the judgment of justices of the peace in criminal cases. Section 2771 provides, in substance, that an appeal may be taken by a defendant convicted before a justice of the peace, within ten days after judgment, upon giving bond in double the amount of the fine and costs, conditioned to pay the amount of the judgment the court may render; that the bond shall be approved by the clerk of the county court, and that the justice shall, when notified by the clerk that an appeal has been taken, "stay all further proceedings, and return the papers to the next succeeding term of the county court, *when the same shall be tried.*"

Section 2772 is as follows: "If the defendant shall be found guilty in the county court, judgment shall be rendered against both principal and security in the appeal bond for the amount of the fine assessed by the jury in said court, and all costs that may have accrued."

It is contended by the defendant that the county

court is without jurisdiction to render judgment against a defendant on appeal from a justice of the peace in a criminal case, unless a jury has assessed the fine; and that the court has no jurisdiction to sentence such defendant to a term in the county jail. We can not agree with counsel. The trial in the county court is *de novo,* and the cause is tried as though an information had been filed there. The statute grants to a defendant an appeal to the county court and requires the court to try the cause at the term succeeding the day the appeal bond is approved. The provisions of the statute fixing the penalty and naming the condition of the bond and requiring the entry of judgment against the principal and surety thereon for the amount of the fine assessed by the jury do not, in our opinion, limit the jurisdiction of the court. Section 1216, Mills' Annotated Statutes, is as follows: "Assault and battery is the unlawful beating of another. Every person convicted of assault, or of assault and battery, shall be punished by imprisonment in the county jail for a term not exceeding six months, or fine not exceeding one hundred dollars."

The question as to whether or not a defendant convicted of assault and battery in the county court upon appeal can be fined unless the fine is assessed by the jury, is not presented. It is expressly held by the court of appeals, in the case of *Fuqua v. People,* 10 Colo. App., 62, that there is no authority for rendering a judgment against the principal and surety upon an appeal bond to the county court, unless the fine has been assessed by the jury. The decision does not sustain the contention of the plaintiff in error that the county court has not authority to sentence a defendant to a term in the county jail. It is our opinion, therefore, that in a criminal case on appeal,

the county court has authority to impose the sentence of imprisonment prescribed by the statute.

The judgment is therefore affirmed.

*Affirmed.*