No. 12,985.

SMITH *v.* PHELPS ET AL.
(28 P. [2d] 1004)

Decided December 11, 1933. Rehearing denied January 15, 1934.

Mr. WILLIAM G. SMITH, for plaintiff in error.

Mr. ROY A. PAYTON, Mr. W. E. CLARK and Mr. THOMAS A. MAPES of counsel, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action for damages. The basis is alleged unlawful arrest and imprisonment.

The plaintiff in error, plaintiff below, is an attorney, and the defendants in error, defendants at trial, were the district attorney of the tenth judicial district, the deputy district attorney for Pueblo county, the judge and sheriff of that county, and their respective bondsmen.

When plaintiff had concluded his case, the court sustained motions of defendants for a directed verdict in their favor. Judgment followed, and plaintiff assigns error. Of the defendants, only the district attorney and deputy district attorney, and their bondsmen, appear in opposition to the writ. We notice the death of Judge Mirick.

Briefly, plaintiff alleged that he was admitted to the bar in 1907, and had practiced in Colorado since, the last year in Pueblo, and as an attorney was in good standing and enjoyed the respect and confidence of the public;

that October 24, 1929, defendants, "Acting together under color of their respective offices did wilfully, without a warrant, forcibly and unlawfully arrest and imprison the plaintiff in the common jail of Pueblo county, and did there incarcerate the plaintiff for a period of thirteen days. That each of said persons individually and in their official capacity knew that said arrest and imprisonment was wholly illegal and contrary to law," hence his damage.

Answering severally, defendants admitted the official positions of the individual defendants, and that the bonding companies defendant were sureties for them, but denied all other allegations, except that plaintiff was an attorney. The district attorney, the deputy district attorney and the sheriff, and their sureties, further answered that plaintiff's arrest and incarceration grew out of his conviction on a charge of assault and battery in the Pueblo county court, where he was adjudged to pay a fine and costs, failing which mittimus issued, and that pursuant to such writ plaintiff was regularly committed and confined in jail, whence, after thirteen days, in virtue of a pauper's oath presented to the district court, he was discharged. Plaintiff pleaded formal denial of the new matter.

It appears from the record of the county court, introduced at this trial, that March 11, 1929, on complaint preferred before a justice of the peace, charging him with assault and battery, plaintiff was arrested, and March 19, following, a jury in the justice court returned a verdict of guilty, fixing the penalty at a fine of fifty dollars; that June 24, 1929, on retrial in the county court, a jury, making no reference to penalty, returned a like verdict of guilty; that within thirty days, the time granted by the court, plaintiff filed a motion for new trial, which was heard September 3, 1929, and overruled; that on plaintiff's application, entry of judgment was withheld until September 24, 1929, when, after striking a supplemental motion for new trial, filed without leave September 21,

the court adjudged plaintiff to pay a fine of twenty-five dollars and costs, and until he paid, to stand committed; that on plaintiff's motion and bond given, execution was stayed thirty days and like time granted for bill of exceptions; that October 24, 1929, execution and mittimus writs issued against plaintiff, the execution that through levy there might be enforced collection, and the mittimus that the sheriff should take, and the jailer of the county receive and keep, the body of plaintiff until the fine and costs were paid; that November 4, 1929, both writs were returned, the execution wholly unsatisfied, and the mittimus showing delivery of plaintiff's body to the jailer. It seems conceded that after thirteen days plaintiff was discharged, but by what process or writ the record does not disclose.

At the trial, plaintiff sought further to show what he conceived were irregularities in the county court proceedings, which resulted in his conviction and commitment. The offer was rejected by the trial court, on the theory that it was without power to review the judgment and writs of the county court, rendered and issued as the result of a trial on appeal from a justice of the peace. We think the court did not err. Only in this court could there be such review, and we may not examine except on error prosecuted directly from the county court.

In nothing shown, nor in plaintiff's offers to show, as we read the record, does it appear that the prosecution was out of the ordinary. Whatever the genesis, and whichever was the aggressor, issues not of cognizance at trial, or here, it seems clear that plaintiff and a stranger to this action engaged in a physical encounter, as a result of which the other participant formally charged plaintiff with assault and battery. It does not appear that the complaint was induced by defendants or any of them, or that they learned of it through other than regular channels, or had part in the trials, proceedings, issuance or execution of writs that followed, except in

due course. It is natural to suppose that the prosecuting attorney presented the people's side on the theory of the guilt of the accused, and perhaps with vigor, which is usual, not exceptional. On the other hand, and quite frankly, plaintiff makes plain that his defense was that the prosecuting witness was to blame. This defense is not novel, nor always, but sometimes, successful. Opprobrium does not attach to counsel on either side in a contest waged as appears; but the parties, the people in any event, and, in the absence of error, the accused as well, are bound by the jury's determination.

■ While in the trial before the justice, much of informality may have obtained, in the county court, which is a constitutional court of record, the proceedings were formal. An official reporter took the testimony in short-hand, recorded objections of counsel and rulings of the court, and noted exceptions whenever requested. That record is not before us. On the record that is presented it is enough to say that actionable wrong on the part of the district attorney or his deputy does not appear.

■ As to the conduct of the county judge, there is nothing to indicate concert of action with the prosecuting attorneys and the sheriff, or any of them. So far as we have record of what he did in the course of the trial, he presided with dignity, did not inject himself unduly as the controversy raged, and ruled only as there was occasion. Possibly he may have erred, as occasionally occurs in the hurry of trial courts. Where that is thought to be the case, the remedy is not to sue the judge. Indeed, he is not so answerable. 15 R. C. L., p. 543, §§31-33. That the judge was not illy disposed, but was inclined rather to temper the wind, appears from the generous grants of time the record shows were accorded in the assault and battery prosecution, and in his sentence, he reduced by one-half what a jury had imposed.

The sheriff's only part was to execute writs that came to him in due form, from a court of competent jurisdiction. There is nothing in the record to indicate he had

part in the trial, or that he connived at or wished the plaintiff's conviction or incarceration. On the contrary, after having the writs in hand, and the plaintiff in custody, he temporized to the extent that before committing him to jail he took plaintiff to a district judge from whom it was thought immediate release might be had. We do not perceive the slightest justification for claim of wrongdoing on the part of the sheriff.

When 3 o'clock of the day of trial came, plaintiff, having exhausted his sources of testimony from witnesses present, asked the court to recess the case until 10 o'clock the next morning. The court granted him one hour, or until 4 o'clock. At the reconvention, plaintiff announced that he had been unable to find his witnesses, but would save an exception and go ahead. He referred to the absent witnesses as a "Mr. Campbell" and "Judge Mirick," one of the defendants. There was no claim that the witnesses had been subpoenaed, nor was there any statement of what they would say if present. We cannot think the court abused its discretion in declining to grant further time. Plaintiff proceeded then to state what his wife would testify to if she were present. Inasmuch as there had been no showing why this witness was not present, the court properly sustained an objection to the offer.

Other points urged have to do only with what occurred in the county court, not reviewable on this writ.

Let the order be that the judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.

*On Petition for Rehearing.*

MR. JUSTICE HILLIARD.

In the light of plaintiff's petition, we have re-read the record and examined the authorities anew. We conclude, as in our previous study, that plaintiff failed in his proof.

Plaintiff insists we overlooked his contention that since the jury in the county court, unlike the jury in the justice court, failed to fix the punishment to be imposed, the county judge was without power to adjudge any penalty. Sections 6194 and 6196, C. L. '21, and *Fuqua v. People,* 10 Colo. App. 62, 48 Pac. 1053, are again called to our attention. The point was not overlooked, but, as said in the opinion, since error was not brought in the proceeding where judgment was pronounced, it was not reviewable. Because of plaintiff's insistence that we clarify our opinion, however, and his professional assurance that the bar generally is interestd, we direct attention to section 6699, C. L. '21, which provides that the penalty for assault and battery shall be, ''imprisonment in the county jail for a term not exceeding six months, or fine not exceeding one hundred dollars.'' Sections 6194 and 6196, cited by plaintiff, and section 6699, were considered in *People v. Youngberg,* 53 Colo. 322, 326, 327, 124 Pac. 745, and *Vickers v. People,* 30 Colo. 68, 69 Pac. 511. In the Youngberg case we said: ''The statutory provisions concerning the appeal bond which provided for the payment of fine and costs does not limit the jurisdiction of the county court in * * * the kind of penalty to be imposed on appeal by trial de novo.'' In the Vickers case, a prosecution for assault and battery begun in justice court, and where there was conviction, defendant appealed to the county court. There a jury found the defendant guilty, but as in plaintiff's prosecution, did not fix the penalty. The county judge sentenced the defendant to ninety days in jail and gave judgment against him and his appeal bond sureties for costs. Vickers' counsel contended that ''the judge had no power to pass any sentence under the verdict, and that the verdict is not sufficient to support any judgment of the court,'' citing the Fuqua case. This court affirmed the judgment adjudged against Vickers by the county judge, saying, ''that in a criminal case on appeal, the county court has

authority to impose the sentence of imprisonment prescribed by statute.'' It seems unnecessary to state, for the Vickers review makes it plain, that the inquiry of the court of appeals in the Fuqua case did not go to the power of the county court to impose a fine, as such, under section 6699, but to the power to assess a fine pursuant to section 6196, where the fine had not been assessed by the jury, and make such imposition the basis of ''a judgment against the principal and surety on an appeal bond to the county court.'' It seems clear that in imposing sentence against plaintiff here, the county court proceeded under section 6699, as interpreted in the Youngberg and Vickers opinions.

There is not justification for detailed discussion of other points claimed to have been overlooked by the court. All were considered and resolved as by the trial court. The petition for rehearing is denied.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.

*On Motion.*

*En Banc.*

*Per Curiam.*

Motion of plaintiff in error to strike the department opinion and for a consideration of the case en banc, denied.

MR. JUSTICE BOUCK not participating.