## No. 14,327.

SARCHET *v.* PHILLIPS.

(78 P. [2d] 1096)

Decided May 2, 1938.

Mr. ARTHUR E. MARCH, for plaintiff in error.

Mr. WILL E. S. THOMPSON, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action by defendant in error, plaintiff at trial, against plaintiff in error, defendant at trial, for money had and received, as said, for plaintiff's use. Recovery was adjudged.

It appears that defendant was a justice of the peace; that November 5, 1937, on a note dated January 15, 1937, given by plaintiff, "suit was brought" before defendant, as he alleges, or the note was "filed" with him, as plaintiff alleges, and formally docketed by the justice as a case pending in his court; that summons was not issued in the matter, but simultaneously with such docketing, a member of the Colorado Bar, proceeding by a writing to that end, and pursuant to a provision of the note, reading "Makers and endorsers hereon hereby authorize and empower any attorney at law, at any time, to appear for them before any court in Colorado or elsewhere, and waive the issuance and service of process and confess judgment against them and in favor of the payee * * * or assigns," appeared before the justice and expressly waived "the issuance and service of process," and confessed "judgment against said defendant and in favor of the plaintiff in the sum of $115.85;" that upon such confession the justice entered judgment against defendant in favor of plaintiff

in the proceeding, in the sum confessed, and costs; that execution issued on the judgment, in aid of which writ of garnishment was served; that the garnishee answered he was indebted to the judgment debtor in the sum of $312.35, which amount was paid into the justice court; that the justice still has the money, and in the sum mentioned judgment was given against him in the present proceeding.

The question is, Did the justice have jurisdiction to enter the judgment which is sought to be challenged here? We think so. Since the action was for debt and in a sum not exceeding $300, the justice had jurisdiction of the subject matter. '35 C. S. A., c. 96, §§6, 7. But inasmuch as summons was not issued by the justice, it is argued that jurisdiction of the person of the defendant failed. Section 16, chapter 96, '35 C. S. A., which provides that suit before a justice "shall be commenced by summons," is cited in support of that view. The answer is that in an action begun before a justice of the peace, there may be "waiver of all defects in the service of process or even the want of process." *Stephens v. Wheeler,* 60 Colo. 351, 356, 153 Pac. 444. "Whenever a court has jurisdiction of the subject-matter of a suit, the defendant therein can waive the jurisdiction as to his person." *Block v. Henderson,* 82 Ga. 23, 8 S. E. 877, 14 A. S. R. 138, 3 L. R. A. 325. It is reasonable to conclude, as we conceive, that the defendant in the justice court case could have appeared in person and waived issuance and service of summons, and confessed judgment; and as we have held that an attorney at law, acting in virtue of authority like unto that set forth in the note here properly may make such waiver and confession, jurisdiction of the justice to enter the judgment in question seems unassailable. *Vennum v. Holmberg,* 51 Colo. 306, 117 Pac. 169; *Cross v. Moffat,* 11 Colo. 210, 17 Pac. 771. Rendering judgment is a judicial determination upon facts presented, as rightly to be made upon confession of judgment, we think, as upon proofs submitted.

Whether the note had been paid prior to the action before the justice is not soluble in this proceeding, as the trial court rightly held. Any such issue would involve the rights of the holder of the note—not a party here. ''If the debt has been paid, if the statute of limitation has run, and defendant could be permitted to rely upon it, if the instrument is void because procured by fraud, or if any other available defense exists, the debtor may have relief through * * * equity.'' *Cross v. Moffat, supra.* Statutory appeal or certiorari offered other methods of challenge to the justice judgment.

From nothing appearing did the justice proceed other than in due course. The circumstances considered, he was not amenable to the action, the judgment in which is here under review. 15 R. C. L., 543, §§31-33. See *Smith v. Phelps,* 94 Colo. 33, 28 P. (2d) 1004.

Let the judgment be reversed, the action to be dismissed.

Mr. Justice Bouck concurs in the conclusion.