## No. 27224

**Clinic Masters, Inc., a Colorado corporation v. The District Court in and for the County of El Paso and State of Colorado in the 4th Judicial District, and The Honorable John F. Gallagher, One of the Judges Thereof, and Dr. Peter G. Fernandez**

(556 P.2d 473)

Decided November 15, 1976.

Perkins, Goodbee, Mason & Davis, Eugene O. Perkins, for petitioner.

Cole, Hecox, Tolley, Edwards & Keene, P.C., Lawrence A. Hecox, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding, brought pursuant to C.A.R. 21, seeking relief in the nature of mandamus and prohibition from the district court's order quashing service of process. We issued our rule to show cause why relief should not be granted. Having considered the merits, we now make the rule absolute.

Clinic Masters, Inc., petitioner, operates a management consulting service based in Colorado Springs. After preliminary communications by mail and telephone, on August 3, 1973, petitioner entered into a management consulting agreement with Dr. Peter G. Fernandez, a Florida chiropractor, defendant below. The form contract, prepared by petitioner in Colorado, was signed by defendant in Kansas City, Missouri. Defendant never physically entered Colorado.

Pursuant to the contract, petitioner rendered consulting services until mid-1974, ceasing performance because of defendant's failure to make payments under the contract. On December 27, 1974, petitioner filed a complaint in El Paso County district court. Defendant was personally served in Florida under the Colorado long-arm statute, section 13-1-124(1)(a), C.R.S. 1973. Paragraph 9 of the contract provides:

"The laws of the State of Colorado shall govern this contract and any interpretations or constructions thereof. Further, the place of performance and transaction of business shall be deemed to be in the County of El Paso, State of Colorado, and in the event of litigation, the exclusive venue and place of jurisdiction shall be the State of Colorado, and more specifically, El Paso County, Colorado."

Defendant, appearing specially, moved to quash service of process for lack of personal jurisdiction. The district court granted the motion to quash, holding that defendant lacked minimal contacts with Colorado to subject him to *in personam* jurisdiction of the court. Petitioner appealed to the court of appeals. That court dismissed the appeal without prejudice, for the reason that the trial court's order to quash was not a final appealable order. *Hoen v. District Court,* 159 Colo. 451, 412 P.2d 428.

I.

Respondent raises two procedural issues which we here consider. It is argued that since this court lacks jurisdiction over defendant, any order entered can have no effect on defendant and therefore this proceeding is moot. Respondent misconceives the nature of this original proceeding. Both the rule to show cause and the writs authorized by *Colo. Const.* Art. VI, Sec. 3, are directed to respondent district court to determine whether

the court is proceeding without or in excess of its jurisdiction. C.A.R. 21.

■ Next, respondent asserts that the district court's order quashing service became a final order when the court of appeals dismissed the appeal and the petitioner (appellant) failed to seek a rehearing and ultimately to petition this court for a writ of certiorari directed to the court of appeals' order of dismissal. The respondent then concludes that the law of the case is that the trial court ruling quashing service is a final and nonappealable determination, and therefore "there is nothing upon which the court may properly act." This argument is not persuasive. Respondent misapprehends the court of appeals' order, which was based upon its lack of jurisdiction to consider the propriety of the trial court's ruling inasmuch as that ruling was not a final and appealable order. *See Hoen v. District Court, supra.*

## II.

■ Petitioner and respondent vigorously argue whether defendant had sufficient contacts with Colorado to confer personal jurisdiction under the long-arm statute and consonant with due process. We do not reach this issue, however, because we hold that defendant has consented to the jurisdiction of the district court.

Paragraph 9 of the contract between petitioner and defendant designates the county of El Paso as "the exclusive venue and place of jurisdiction * * *." The district court held this provision void on the grounds that parties to an action cannot confer jurisdiction by agreement or consent.

■ The court erred in failing to distinguish between jurisdiction over the subject matter and jurisdiction over the person. It is true that subject matter jurisdiction cannot be conferred by the parties. *Triebelhorn v. Turzanski*, 149 Colo. 558, 370 P.2d 757; *McCoy v. McCoy*, 139 Colo. 105, 336 P.2d 302. But here the subject matter jurisdiction of the district court, a court of general jurisdiction, is uncontested. *Colo. Const.* Art. VI, Sec. 9(1).

■ Where a court possesses subject matter jurisdiction, the parties may waive lack of personal jurisdiction. *Sarchet v. Phillips*, 102 Colo. 318, 78 P.2d 1096. As we observed in *Arapahoe County v. D.U.W. Co.*, 32 Colo. 382, 76 P. 1060:

"* * * The parties may waive jurisdiction, so far as it affects them personally, but it is beyond their power to confer upon a judicial tribunal jurisdiction of the subject-matter which it does not possess under the constitution and statutes of the state. * * *"

Parties may even agree in advance of litigation to submit to a particular court's jurisdiction, as was done here. *National Equipment Rental v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354; *Furbee v. Vantage Press, Inc.*, 150 U.S.App. D.C. 326, 464 F.2d 835 (1972).

## III.

Having determined that petitioner and defendant could voluntarily submit to the jurisdiction of the court, we now consider whether they in fact did so. In this regard, respondent argues that paragraph 9 should not be considered to confer personal jurisdiction because (1) it is unclear; (2) it is part of an adhesion contract; and (3) it is unconscionable.

■ We find no lack of clarity in paragraph 9. It obviously reflects a desire to have all suits arising from the contract tried in El Paso County, Colorado. Respondent suggests no other interpretation, nor can we.

■ In support of its view that the contract is one of adhesion, it is argued that it is a printed form contract prepared by petitioner and offered on a "take-it-or-leave-it" basis. Even if present, however, these features alone do not define adhesion contracts. Respondent does not show, for example, that the parties were greatly disparate in bargaining power, that there was no opportunity for negotiation, or that petitioner's services could not have been obtained elsewhere. See *W.C. James, Inc. v. Phillips Petroleum Company*, 347 F.Supp. 381 (D. Colo.); *Star Finance Corp. v. McGee*, 27 Ill. App. 3d 421, 326 N.E.2d 518. On the contrary, the record suggests that defendant is an educated, professional man with business experience; that he had had contact with petitioner for four years before entering into the contract; that the gross monthly income base fixed in the contract was a negotiated amount; and that he was advised of all of the terms of the contract before entering into it.

■ Respondent cites section 4-2-302, C.R.S. 1973, as empowering the court to invalidate paragraph 9 as unconscionable. We think this section of the Uniform Commercial Code is not applicable to the facts here. In view of the fact that petitioner's home office, principal place of business, and records are in Colorado Springs, plus the facts set forth above, we do not consider the contract's choice of forum to be unconscionable. *Compare Paragon Homes, Inc. v. Carter*, 56 Misc. 2d 463, 288 N.Y.S.2d 817.

Rule made absolute.