James G. GREEN, Plaintiff
and Respondent,

v.

CLINIC MASTERS, INC., a Colorado
Corporation, Defendant and
Appellant.

No. 12301.

Supreme Court of South Dakota.

Argued June 8, 1978.

Decided Dec. 26, 1978.

Mark V. Meierhenry and Judith Meierhenry, Vermillion, for plaintiff and respondent.

William J. Klimisch of Goetz, Hirsch, Haar & Klimisch, Yankton, for defendant and appellant.

WOLLMAN, Chief Justice.

This is an intermediate appeal from an interlocutory order restraining defendant Clinic Masters (appellant) from pursuing a civil action in the state of Colorado pending further order of the trial court. The injunction was sought by plaintiff James Green (respondent) prior to trial of the underlying litigation in which respondent seeks revocation of a contract between respondent and appellant.

Respondent is a duly licensed chiropractor practicing in Vermillion, South Dakota. On June 20, 1973, respondent entered into a contract with appellant in Kansas City. The contract covered a "system" designed to increase the profitability of respondent's chiropractor practice. In consideration for a payment of $10,000, appellant agreed to "reveal" to respondent the "Clinic Master" system. Payments were to be made from any increase in respondent's monthly revenues. The payments were not to exceed $1,000 in any single month.

On April 25, 1977, respondent commenced the underlying litigation in circuit court. On May 6, 1977, appellant commenced a civil action in the District Court, County of El Paso, State of Colorado. In the Colorado action appellant sought an accounting of respondent's books, the $10,000 due under the contract, and $5,000 in punitive damages. On May 17, 1977, respondent moved the circuit court for the injunction that is the subject of this appeal. An order to show cause why appellant should not be restrained was issued by the circuit court on May 18, 1977. Appellant engaged a South Dakota attorney to enter a limited appearance in the circuit court for the purpose of objecting to the jurisdiction of the court. Appellant moved the court to quash the summons served upon appellant and to dismiss the case. The sole basis for challenging the court's jurisdiction was paragraph 9 of the contract between appellant and respondent, which provides:

> The laws of the State of Colorado shall govern this contract and any interpretations or constructions thereof. Further, the place of performance and transaction of business shall be deemed to be in the County of El Paso, State of Colorado, and in the event of litigation, the exclusive venue and place of jurisdiction shall be the State of Colorado, and more specifically, El Paso County, Colorado.

The effect of this provision is the primary issue to be addressed.

Respondent argues that paragraph 9 of the contract seeks to oust the courts of South Dakota of jurisdiction that would otherwise be proper. There is no question that at one time this view prevailed among the American courts. See Annot., 56 A.L. R.2d 300. The modern view, however, holds that jurisdiction-selecting provisions do not oust the courts of jurisdiction but rather that the court should examine the provision in question to determine whether it is reasonable and if so the provision should be enforced. *Central Contracting Co. v. Maryland Casualty Co.*, 3 Cir., 367 F.2d 341; *Furbee v. Vantage Press, Inc.*, D.C.Cir., 150 U.S.App.D.C. 326, 464 F.2d 835; *Hawaii Credit Card Corp. v. Continental Credit*

*Card Corp.*, D.Hawaii, 290 F.Supp. 848; *Wm. H. Muller & Co. v. Swedish American Ltd.*, 2 Cir., 224 F.2d 806; *General Electric Company v. City of Tacoma*, W.D.Wash., 250 F.Supp. 125.

In overruling previous cases invalidating such jurisdiction and venue-selecting clauses, the Supreme Court of Pennsylvania stated:

> However, we do not agree with these cases to the extent that they hold that an agreement between the parties, purporting to determine the forum where future disputes between them should be litigated, is *per se* invalid and without legal effect. The modern and correct rule is that, while private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation. See Restatement of Contracts § 558; L. Hand, J., concurring in *Krenger v. Pennsylvania R. Co.*, 174 F.2d 556, 560–561 [other citations omitted]. *Central Contracting Co. v. C. E. Youngdahl & Co.*, 418 Pa. 122, 133, 209 A.2d 810, 816.

See also *Smith, Valentino & Smith, Inc. v. Superior Ct. of L. A. Cty.*, 131 Cal.Rptr. 374, 551 P.2d 1206.

The United States Supreme Court has as well recognized this principle. In *National Equipment Rental v. Szukhent*, 375 U.S. 311, 315–316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354, 358, the Court said: "And it is settled, as the courts below recognized, that parties to a contract may agree in advance to submit to the jurisdiction of a given court, . . ." See also *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513.

Other authorities support the rule that these provisions should be given effect if reasonable. Restatement (Second) of Conflict of Laws § 80, p. 244, under the heading "Limitations Imposed by Contract of Parties," states:

> The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction, but such an agreement will be given effect unless it is unfair or unreasonable.

Comment *a* to this section states that:

> Such a provision, however, will be disregarded if it is the result of overreaching or of the unfair use of unequal bargaining power or if the forum chosen by the parties would be a seriously inconvenient one for the trial of the particular action. On the other hand, the provision will be given effect, and the action dismissed, if to do so would be fair and reasonable. Id.

Professor Leflar states that:

> The modern cases say that contracts limiting judicial jurisdiction will be respected if there is nothing unfair or unreasonable about them, but will be disregarded if they are unfair or unreasonable. They are more likely to be sustained if they relate to disputes already arisen or contemplated, but that is not a rigid limitation. They are less likely to be sustained if they appear in adhesion contracts prepared in advance by one of the parties, and will generally be disregarded if genuine inconvenience or inadequacy of remedy would ensue from them. (footnotes omitted). R. Leflar, American Conflicts Law, 3d ed., § 52, pp. 100–101.

■ We are of the opinion that the modern view represents the better rule and accordingly hold that when the parties to a contract agree that actions arising from that contract will be brought in a particular jurisdiction, that agreement should be given effect unless it is shown that to do so would be unfair or unreasonable.

■ Review of the foregoing authorities shows that in addressing the question of reasonableness the courts scrutinize with special care those contracts found to be contracts of adhesion. R. Leflar, American Conflicts Law, supra. Respondent argues that the present contract is a contract of adhesion, primarily because the contract

form had been previously prepared by appellant. This precise question dealing with the same contract clause and a different chiropractor was addressed by the Supreme Court of Colorado sitting en banc in *Clinic Masters v. District Court for Cty. of El Paso*, Colo., 556 P.2d 473, 475:

> In support of its view that the contract is one of adhesion, it is argued that it is a printed form contract prepared by petitioner and offered on a 'take-it-or-leave-it' basis. Even if present, however, these features alone do not define adhesion contracts. Respondent does not show, for example, that the parties were greatly disparate in bargaining power, that there was no opportunity for negotiation, or that petitioner's services could not have been obtained elsewhere. *See W. C. James, Inc. v. Phillips Petroleum Company*, 347 F.Supp. 381 (D.Colo.); *Star Finance Corp. v. McGee*, 27 Ill.App.3d 421, 326 N.E.2d 518. On the contrary, the record suggests that defendant is an educated, professional man with business experience; that he had had contact with petitioner for four years before entering the contract; that the gross monthly income base fixed in the contract was a negotiated amount; and that he was advised of all the terms of the contract before entering into it.

In the case before us there is no indication that there exists a disparity of bargaining power between the parties.[1] Respondent is an experienced professional capable of understanding and intending the agreements he makes. The clause in question is not written in technical jargon and appeared in the same standard print face as the entire contract. The record shows there was negotiation, in that a supplement to the agreement which altered the base rate at which respondent's revenues were to be determined was agreed upon by the parties. *Clinic Masters v. District Court for Cty. of E. Paso*, supra.

 The trial court apparently reached its determination· on the basis of convenience of witnesses and accessibility of records. These are not sufficient reasons to allow parties to a contract to disavow their promises. As stated in *Central Contracting Co. v. C. E. Youngdahl & Co.*, supra:

> Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things. If the agreed upon forum is available to the plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by his agreement. Moreover, the party seeking to obviate the agreement has the burden of proving its unreasonableness. 209 A.2d at 816.

 Respondent argues that SDCL 53–9–6[2] renders paragraph 9 of the contract void, and hence it may not be enforced by the Courts of South Dakota. We do not agree. It is settled law in this state that "[a] contract must be construed in accordance with the law of the place where made unless it is shown that it was the intention of the parties to be bound by the law of some other place." *Briggs v. United Services Life Insurance Company*, 80 S.D. 26, 30, 117 N.W.2d 804, 807. The parties explicitly expressed their intention to be bound by the laws of Colorado. Respondent has directed us to no law of Colorado prohibiting venue-selecting agreements. The holding of *Clinic Masters v. District Court for Cty. of El Paso*, supra, indicates that such provisions are valid in Colorado. We express no opinion concerning the effect of SDCL 53–9–6 on a provision of this type had the parties not chosen to be bound by foreign law.

In view of our disposition of this appeal, we need not discuss. appellant's contentions concerning the jurisdiction of the circuit court to enjoin appellant's activities in the courts of Colorado.

---

1. In oral argument counsel for respondent indicated that appellant is "not a huge company" and may "be an office with a mailing address."

2. SDCL 53–9–6 provides: "Every provision in a contract restricting a party from enforcing his rights under it by usual legal proceedings in ordinary tribunals or limiting his time to do so, is void."

The trial court erred in refusing to grant appellant's motion to dismiss. Therefore we remand this matter to the trial court with directions to dismiss the complaint and dissolve the injunction against appellant.

All the Justices concur.