Thomas BROWN, Plaintiff–Appellee,

v.

Steven SILVERN, Defendant–Appellant,

and Concerning John L. SPRINGER and Darin L. Schanker, Interested Parties–Appellees.

No. 04CA1074.

Colorado Court of Appeals, Div. III.

Dec. 1, 2005.

Rehearing Denied March 16, 2006.

Certiorari Denied Aug. 28, 2006.

872

Law Office of John L. Springer, John L. Springer, Aurora, Colorado; Bachus Schumacher & Schanker, LLC, Darin L. Schanker, Leslie E. Oliver, Denver, Colorado, for Plaintiff–Appellee and Interested Parties–Appellees.

Silvern Law Offices, P.C., Steven Silvern, Thomas A. Bulger, Denver, Colorado, for Defendant–Appellant.

CASEBOLT, J.

In this legal malpractice case, defendant, Steven Silvern, appeals the order denying his motion for sanctions against John L. Springer and Darin L. Schanker, attorneys representing plaintiff, Thomas Brown. We reverse and remand for further proceedings.

In 1992, Silvern represented Brown in an automobile personal injury action that was eventually settled with Brown's consent. In 1997, Brown commenced this action against Silvern, asserting that he had undervalued Brown's claim, had failed to obtain consent to settle from Brown's automobile insurer and thus had failed to preserve Brown's right to underinsured motorist benefits, and had settled the case for less than the amount to which Brown was entitled. *See Brown v. Silvern,* 45 P.3d 749 (Colo.App.2001).

In 2004, the parties entered into a settlement agreement under which Silvern agreed to pay Brown $10,000, but Silvern retained the right to pursue sanctions against Springer and Schanker. The parties filed a joint motion to dismiss Brown's claims with prejudice, which the trial court granted. Although both parties briefed the court regarding the settlement and indicated that the issue of sanctions was not resolved by the agreement, the court's dismissal order was silent as to sanctions.

The day after the court dismissed the action, Silvern filed a motion seeking sanctions and attorney fees from Springer and Schanker pursuant to C.R.C.P. 11 and 37 and § 13–17–102, C.R.S.2005. He also requested a hearing. The trial court initially granted the request for a hearing, but later denied the motion without holding a hearing. This appeal followed.

I. Trial Court Jurisdiction

■ As a threshold matter, Springer and Schanker assert that, because the entire case was voluntarily dismissed with prejudice before Silvern filed the motion and the court did not expressly retain jurisdiction to decide matters of attorney fees or sanctions, the court lacked jurisdiction to consider it. We reject this assertion.

■ A court's jurisdiction consists of two elements: jurisdiction over the parties (personal jurisdiction) and jurisdiction over the subject matter of the issue to be decided (subject matter jurisdiction). *See People in Interest of Clinton,* 762 P.2d 1381 (Colo. 1988). Whether a court has subject matter jurisdiction is an issue that may be raised at any time. *Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508 (Colo.1986). Issues of personal jurisdiction, however, are waived if not timely asserted. *Clinic Masters, Inc. v. Dist. Court,* 192 Colo. 120, 556 P.2d 473 (1976).

■ Subject matter jurisdiction is defined as a court's power to resolve a dispute in which it renders judgment. *Trans Shuttle, Inc. v. Pub. Utils. Comm'n,* 58 P.3d 47 (Colo.2002); *Horton v. Suthers,* 43 P.3d 611 (Colo.2002). A court has subject matter jurisdiction if "the case is one of the type of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority." *Horton v. Suthers, supra,* 43 P.3d at 615 (quoting *Paine, Webber, Jackson & Curtis, Inc. v. Adams, supra,* 718 P.2d at 513). "Whether a court possesses such jurisdiction is generally only dependent on the nature of the claim and the relief sought." *Trans Shuttle, Inc. v. Pub. Utils. Comm'n, supra,* 58 P.3d at 50. "[I]t is the facts alleged and the relief requested that decide the substance of a claim, which in turn is determinative of the existence of subject matter jurisdiction." *Trans Shuttle, Inc. v. Pub. Utils. Comm'n, supra* 58 P.3d at 50 (quoting *City of Boulder v. Pub. Serv. Co.,* 996 P.2d 198, 203 (Colo.App.1999)).

■ The Colorado Constitution vests district courts with general subject matter jurisdiction in civil cases. *See* Colo. Const. art. VI, § 9. "As courts of general jurisdiction,

the district courts in Colorado have the authority to consider questions of law and of equity and to award legal and equitable remedies." *Paine, Webber, Jackson & Curtis, Inc. v. Adams, supra,* 718 P.2d at 513.

Here, the court had subject matter jurisdiction to adjudicate this dispute because the claim is a type that the court has been empowered to determine. The substance of the civil claim is predicated upon C.R.C.P. 11 and 37 and § 13–17–102, and the relief requested is sanctions, all of which the trial court was authorized to entertain. *See People v. Barnes,* 134 P.3d 487, 2005 WL 3241896 (Colo.App. No. 04CA2636, Dec. 1, 2005)(courts have inherent authority to control attorneys appearing before them).

■ Accordingly, to the extent that Springer and Schanker contend that the court lacked subject matter jurisdiction, we reject the assertion. To the extent they contend that the trial court lacked personal jurisdiction, that assertion was waived because they failed to assert it in the trial court. *See Clinic Masters, Inc. v. Dist. Court, supra.*

■ Moreover, arguments never presented to, considered by, or ruled upon by a trial court may not be raised for the first time on appeal. *Paine, Webber, Jackson & Curtis, Inc. v. Adams, supra; Christensen v. Hoover,* 643 P.2d 525 (Colo.1982). Hence, we would be precluded from reviewing the contention that the court lacked personal jurisdiction in any event. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718 (Colo.1992).

## II. C.R.C.P. 37

■ Silvern asserts that the trial court erred in denying his request for sanctions pursuant to C.R.C.P. 37 because it misconstrued the applicability of that rule to his claim. We agree that the court must reconsider this issue.

■ In general, discovery sanctions are within the discretion of the trial court, and its decision will not be reversed absent an abuse of that discretion. *J.P. v. Dist. Court,* 873 P.2d 745 (Colo.1994); *Bilawsky v. Faseehudin,* 916 P.2d 586 (Colo.App. 1995)(the denial of an award of attorney fees under § 13–17–101, et seq., C.R.S.2005, will

not be disturbed on appeal absent an abuse of discretion). However, the construction of a rule of procedure warrants de novo review. *See People v. Coleby,* 34 P.3d 422 (Colo.2001).

■ C.R.C.P. 37 allows a court to impose sanctions on a party for failing properly to respond to discovery requests. *Gordon v. Boyles,* 9 P.3d 1106 (Colo.2000). Sanctions may include expenses incurred, including reasonable attorney fees. *Lewis v. J.C. Penney Co.,* 841 P.2d 385 (Colo.App.1992)(applying predecessor rule). Under C.R.C.P. 37, a trial court has broad discretion to order sanctions and to determine the nature of such sanctions for a party's failure to comply with discovery. *Scott v. Matlack, Inc.,* 39 P.3d 1160 (Colo.2002).

Here, Silvern asserted that Springer and Schanker had filed misleading disclosures concerning medical experts, falsely representing that the experts would testify that certain of Brown's claimed injuries were in fact caused by the automobile accident when they were not. Silvern also asserted that Springer and Schanker had obtained a favorable standard of care opinion from an expert attorney by providing misleading facts concerning the automobile accident. Silvern contended that he was forced to incur attorney fees and costs to depose those experts, whose testimony was at odds with the C.R.C.P. 26 disclosures.

The trial court concluded that "Rule 37 allows the award of attorney fees if the Court compels disclosure when the refusal was 'without substantial justification' or allows fees when a failure to admit under Rule 26 was 'without reasonable grounds.'" Based on that reading of C.R.C.P. 37, the court concluded that Silvern's claim "does not fit either category." While the court correctly cited the standard for awarding attorney fees associated with motions to compel under C.R.C.P. 37(a)(4) and failures to admit under C.R.C.P. 37(c), it overlooked a portion of C.R.C.P. 37(c) directed at false or misleading disclosures.

C.R.C.P. 37(c) deals with "Failure to Disclose; False or Misleading Disclosure; Refusal to Admit." As pertinent here, the rule provides:

A party that without substantial justification fails to disclose information required by C.R.C.P. 26(a) or 26(e) shall not, unless such failure is harmless, be permitted to present any evidence not so disclosed.... In addition to or in lieu of this sanction, the court, on motion after affording an opportunity to be heard, may impose other appropriate sanctions, which [may require] payment of reasonable expenses including attorney fees caused by the failure ....

As pertinent here, C.R.C.P. 26(a) provides generally that a party must disclose the identity of any person who may present expert testimony and provide a written report or summary containing a complete statement of all opinions to be expressed and the basis and reasons therefor.

C.R.C.P. 26(e) provides:

A party is under a duty to supplement its disclosures under section (a) of this Rule when the party learns that in some material respect the information disclosed is incomplete or incorrect .... With respect to experts, the duty to supplement or correct extends ... to information contained in the expert's report or summary disclosed pursuant to section (b) of this Rule ....

Reading C.R.C.P. 26(a) & (e) together with C.R.C.P. 37(c), we conclude that a party may request sanctions based on the opposing party's providing, without substantial justification, misleading disclosures, or its failure, without substantial justification, seasonably to correct misleading disclosures. Therefore, because the trial court did not consider Silvern's claim that Springer and Schanker provided misleading disclosures or failed seasonably to correct such disclosures, it incorrectly denied the motion under C.R.C.P. 37.

In addition, because C.R.C.P. 37(c) expressly requires the court to afford an opportunity to be heard, on remand the trial court must hold a hearing on Silvern's motion. In doing so, the court must determine whether the disclosures were misleading or there was a failure seasonably to supplement misleading disclosures, and if so, whether the failure was either substantially justified or harmless, employing the factors outlined in *Todd v. Bear Valley Village Apartments,* 980 P.2d 973, 977–78 (Colo.1999).

### III. C.R.C.P. 11 and § 13–17–102

 Silvern next contends that the trial court erred by denying his request for sanctions under C.R.C.P. 11 and § 13–17–102. Specifically, he argues that the court erred by (1) ruling on the motion without holding the requested hearing and (2) finding as a matter of law that Brown's claims were not frivolous, groundless, or vexatious, because Silvern settled the claims for $10,000. We agree with Silvern that he is entitled to a hearing on his claim for sanctions under C.R.C.P. 11 and § 13–17–102.

Section 13–17–102(2), C.R.S.2005, provides for an award of attorney fees against an attorney or party who pursues an action that in whole or in part lacks substantial justification. "Lacked substantial justification means substantially frivolous, substantially groundless, or substantially vexatious." Section 13–17–102(4), C.R.S.2005.

 A claim or defense is frivolous if the proponent can present no rational argument based on the evidence or the law to support it. Similarly, a claim or defense is groundless if the proponent's allegations, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial. *W. United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo. 1984). A vexatious claim or defense is one brought or maintained in bad faith. *Fowler Irrevocable Trust 1992–1 v. City of Boulder,* 992 P.2d 1188 (Colo.App.1999), *aff'd in part and rev'd in part,* 17 P.3d 797 (Colo.2001).

Attorney fees may also be assessed as a sanction for violating C.R.C.P. 11, which provides that an attorney's signature on a pleading certifies that the attorney believes the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

 When a party requests a hearing regarding the award of attorney fees and costs under § 13–17–102, the trial court must conduct an evidentiary hearing. *In re Marriage of Aldrich,* 945 P.2d 1370 (Colo.1997); *cf. E–470 Pub. Highway Auth. v. Jagow,* 30 P.3d 798 (Colo.App.2001)(trial court did not err in denying fees without conducting a

separate hearing, because the court had already presided over a hearing on the substantive issues in the case and had heard evidence from which the court could decide whether the claims were frivolous and groundless), *aff'd,* 49 P.3d 1151 (Colo.2002).

Here, the trial court should have conducted a hearing before ruling on the motion. Accordingly, remand is required.

In light of this disposition, we need not address the remaining contentions of the parties.

The order is reversed, and the case is remanded for a hearing on Silvern's motion for sanctions and for further proceedings consistent with the views expressed in this opinion.

Judge TAUBMAN and Judge HAWTHORNE concur.