Kent **STOBAUGH, Nancy Stobaugh, Richard Heidbrink and Doris Heidbrink, Individually and on Behalf of All Similarly Situated Persons, Appellants,**

v.

**NORWEGIAN CRUISE LINE LIMITED d/b/a Norwegian Cruise Line, Appellee.**

No. 14–98–00059–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 29, 1999.

Rehearing Overruled Nov. 10, 1999.

David D. Peden, David E. Sharp, Thomas M. Valega, Jr., Houston, for appellants.

Ted C. Litton, Jeffrey James Putnam, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and SONDOCK.[*]

## OPINION

RUBY KLESS SONDOCK, Justice (Assigned).

Kent and Nancy Stobaugh and Richard and Doris Heidbrink, appellants, filed suit against Norwegian Cruise Line Limited d/b/a Norwegian Cruise Line ("NCL"), appellee, to recover damages for personal injuries suffered on NCL's cruise ship M/S Dreamward. Almost a year after suit was filed, NCL filed a Motion to Dismiss based on a forum selection clause which designated Florida as the venue for any disputes between the parties. The trial court granted the Motion to Dismiss and appellants appeal that ruling. We reverse and remand.

In the spring of 1996, appellants decided to take a cruise. They contacted their Houston travel agent and received NCL's promotional brochures. Appellants selected a seven-day cruise aboard the M/S Dreamward departing New York for Bermuda on August 31, 1996. Full payment was sent in June, but NCL did not send the appellants a passenger ticket until August 8, 1996. The ticket included a "Contract of Passage," which purported to contain all of the terms of the agreement

[*] Senior Justice Ruby Kless Sondock sitting by assignment.

between the parties, including the now disputed forum selection clause.

A few days before the departure date, appellants learned of several tropical storm systems and a possible hurricane in the Atlantic Ocean. Appellants contacted NCL, expressed their concerns and inquired about a refund in case they decided to cancel. NCL informed the appellants that if they canceled they would receive no refund, and that they should proceed with the trip and trust the judgment of the ship's captain. The appellants did just that, and NCL's ship proceeded to sail into Hurricane Eduardo, which allegedly resulted in physical and emotional injuries to many of the passengers on board.

Following their return to Texas, the appellants filed this class action lawsuit. NCL immediately attempted to remove the case to Federal Court, but the removal was unsuccessful and the case was remanded on May 28, 1997. Soon thereafter, a discovery dispute arose in which the NCL refused to produce discoverable material. The dispute continued until September 19, 1997, when the trial judge ruled that NCL's objections to the appellant's discovery requests were without merit. The court ordered NCL to produce the materials and pay sanctions for the delay. On October 1, 1997, nearly eleven months following the filing of the original lawsuit, and only one month before the appellant's lawsuit would be barred,[1] NCL asserted the forum selection clause as a basis for its Motion to Dismiss this lawsuit.

■ The issue presented in this appeal is the enforceability of a forum selection clause that rears its head for the first time after the appellants paid in full for a cruise selected from NCL's promotional brochure which made no reference to the clause. Appellants present two arguments to support their contention that the forum selection clause is unenforceable. First, they assert that the forum selection clause is not properly part of the contract between the parties because it is a material term that NCL added following the formation of the contract without additional consideration. Second, the appellants argue that the forum selection clause should not be enforced because it is fundamentally unfair. Since we find that enforcement of the forum selection clause in the present case is fundamentally unfair, we need not address appellants complaint that the forum selection clause is not properly a part of the contract.

■ The issues relating to the enforceability of a forum selection clause in a cruise line passenger ticket are issues of admiralty, and are therefore governed by federal maritime law. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). In this area, Texas recognizes that substantive federal maritime law preempts state law. *See Exxon Corp. v. Choo*, 881 S.W.2d 301, 304 (Tex.1994). Accordingly, we will look to federal maritime law in our review of whether the trial court erred when it enforced the forum selection clause by granting NCL's Motion to Dismiss.

The enforceability of forum selection clauses was first addressed by the United States Supreme Court in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In *The Bremen*, the Court upheld a forum selection clause which was part of a fully negotiated contract executed by two private international companies. *Id* at 2, 92 S.Ct. 1907. In rejecting the argument that the forum selection clause was unfair, the Court was

---

1. In addition to the forum selection clause, the Contract of Passage also contained a requirement that any suit must be brought within one year of the injury, regardless of the applicable statute of limitations in the forum in which it is filed. The forum selected by NCL in the forum selection clause is Florida. Under Florida law, there is no savings statute. *See* Fla. Stat. ch. 95.051(2); *Swartzman v. Harlan*, 535 So.2d 605, 607 (Fla.Dist.Ct.App. 1988). Therefore, if the forum selection clause is valid and enforceable, an injured passenger must file suit in Florida within one year of the injury.

obviously influenced by the fact that the contract in question was "a freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power." *Id* at 12, 92 S.Ct. 1907. This is evident from the almost twenty references to matters such as the fact that the choice of forum was made "in an arm's-length negotiation by experienced and sophisticated businessmen," and that the forum chosen was a "neutral forum with expertise in the subject matter." *Id* at 12, 92 S.Ct. 1907. Texas courts have also recognized the validity of forum selection clauses negotiated between "[t]wo sophisticated parties in an arm's length commercial transaction." *Accelerated Christian Educ., Inc. v. Oracle Corp.*, 925 S.W.2d 66, 71 (Tex.App.— Dallas 1996, no writ). There are, however, distinct differences in the circumstances surrounding the execution of the contract in *The Bremen* and *Accelerated Christian* and the passenger contract in the present case.

In *Carnival Cruise Lines, Inc. v. Shute*, the United States Supreme Court first recognized the difference between negotiated commercial contracts and cruise line passenger contracts, and addressed the enforceability of forum selection clauses in the latter. 499 U.S. 585, 592–93, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). The Court acknowledged the need to "refine the analysis of *The Bremen* to account for the realities of form passage contracts." *Id* at 593, 111 S.Ct. 1522. The Court, however, rejected the proposition that a forum selection clause in a cruise line contract is unenforceable merely because the parties did not bargain for it in advance. *Id.* at 593, 111 S.Ct. 1522. Instead, the Court emphasized that such clauses are subject to judicial scrutiny for fundamental fairness. *See id.* at 595, 111 S.Ct. 1522. This inquiry includes the examination of several factors, including (1) whether there is an indication that the forum was selected to discourage legitimate claims, (2) whether the accession to the forum selection clause was obtained by fraud or overreaching, (3) whether the passenger was given adequate notice of the forum selection clause, and (4) if they retained the option of rejecting the contract with impunity following notice of the forum selection clause. *See id.* After reviewing the record in this case, we find that the forum selection clause runs afoul of the fundamental fairness test because of both *how* and *when* NCL attempted to impose the forum selection clause upon the appellants.

Until appellants received the passenger tickets, the only terms and conditions of the agreement between the parties were those contained in NCL's brochure. The brochure did not mention the now contested forum selection clause, but rather contained only a short sentence buried on page one hundred-eleven, the last page, which warned that "[t]he passenger ticket contract contains information that affects your legal rights, and we recommend that you read it carefully." Similar to the location of the warning in the brochure, the forum selection clause was buried in the last paragraph on the back of the Passenger Ticket, and stated in the following minuscule print:

> [t]his Contract shall be governed in all respects by the laws of the State of Florida and the laws of the United States of America. It is hereby agreed that any and all claims, disputes or controversies whatsoever arising from or in connection with this Contract and the transportation furnished hereunder shall be commenced, filed and litigated, if at all, before a court of proper jurisdiction located in Dade County, Florida, U.S.A.

By sending in their full payment in June 1996, the appellants impliedly accepted the terms and conditions set out in NCL's promotional brochure. It was not until August 8, 1996, twenty-three days before the cruise departed, that NCL modified the agreement by including additional terms in the Contract of Passage, one of which was the forum selection clause.

 As stated earlier, forum selection clauses that are negotiated are generally enforceable. Further, in some situations a forum selection clause that is not negotiated may also be enforceable. However, in such situations the law imposes the additional requirement that the non-negotiated forum selection clause be fundamentally fair to the party against whom it is being enforced. *See Shute*, 499 U.S. at 595, 111 S.Ct. 1522. Here, the way in which NCL imposed the forum selection clause upon the appellants *after* they paid for the cruise in full offends our notion of fair play and does not pass the test of fundamental fairness.

Additionally, the forum selection clause does not pass muster because when its existence was made known to the appellants, they were not in a position to reject the modified contract with impunity. The brochure that enticed the appellants to purchase NCL's cruise contained its cancellation and refund policy, which stated in relevant part:

> Depending on when you cancel your cruise, cancellation charges will be assessed as follows: For 5–9–day cruises, $100 per person when canceled 60–30 days prior to sailing; $200 per person when canceled 29—4 days prior to sailing.... There are no refunds for no-shows, or for cancellations that occur less than 4 days prior to sailing day.

Even assuming that NCL would have honored the refund policy outlined in the brochure,[2] NCL did not send the Contract of Passage containing the forum selection clause to the appellants in a timely manner. If the appellants had immediately read the Contract of Passage containing the forum selection clause and attempted to reject the forum selection clause on the same day it was received, each couple would have been subject to a $400 cancellation penalty. Such a result does not pass the fundamental fairness test prescribed in *Shute* and is against the public policy of this state. *See Schaff v. Sun Line Cruises, Inc.*, 999 F.Supp. 924, 926–27 (S.D.Tex. 1998) (finding a forum selection clause unenforceable as fundamentally unfair because passenger had no option to reject the cruise contract upon receipt); *Corna v. American Hawaii Cruises, Inc.*, 794 F.Supp. 1005, 1010–1012 (D.Hawaii 1992) (finding a forum selection clause unreasonable where passengers had no opportunity to reject without penalty).

 Texas has a significant interest in providing its citizens with a forum in which to resolve civil disputes. *See Accelerated Christian Educ., Inc.*, 925 S.W.2d at 71 (citing *Caton v. Leach Corp.*, 896 F.2d 939, 943 (5th Cir.1990)). If having a forum selection clause was of such import to NCL, it could have easily included it as one additional sentence in its one-hundred and eleven page brochure, thereby giving potential Texas customers fair warning that they are giving up their right to sue in a Texas court and the protections afforded them under Texas law. Parties who intend to deprive Texas citizens of the right to use their courts by way of a forum selection clause must give notice of that intention in an effective manner, and at a time that affords an opportunity to reject such a term without penalty. A fundamental fairness test can tolerate nothing less.

The judgment is reversed and remanded for trial on the merits.

---

2. There is a conflict between the cancellation policy in NCL's brochure and the Contract of Passage in the passenger ticket. The express terms of the Contract of Passage state that "[t]his contract shall be the entire agreement between the parties and supersedes all representations or conditions contained in [NCL's] advertisements [and ] ... brochures," and "[c]arrier shall not be liable to make any refund to passenger in respect of ... tickets wholly or partly not used by a passenger." Therefore, under the literal terms of the Contract of Passage, NCL may have had no obligation to honor the refund policy as stated in its brochure.