**Rob GRAVES, et al., Plaintiffs,**

v.

**Len PIKULSKI, et al., Defendants.**

**No. Civ.99–4296–JLF.**

United States District Court,
S.D. Illinois.

Aug. 30, 2000.

Jack L. Quarant, Jack L. Quarant & Associates, Elizabeth, IL, for Plaintiffs.

John S. Rendleman, Feirich, Mager, Carbondale, IL, Mary Ann Hatch, Herzog, Crebs, St. Louis, MO, Beth A. Fulkerson, Pattishall, McAuliffe, Chicago, IL, for Defendants.

## MEMORANDUM AND ORDER

FOREMAN, District Judge.

Before the Court is a motion to dismiss filed by Network Solutions, Inc. on the ground that venue is improper (Doc. 24). Plaintiffs have filed a response, (Doc. 33), and Network Solutions, Inc. has filed a reply (Doc. 40).

Also before the Court are motions to dismiss for lack of personal jurisdiction filed by defendants Stanley Gottlieb, Lonnie Gottlieb, and Phillip Rock (Doc. 10), and by defendant Len Pikulski (Doc. 42).

## I. Background.

Plaintiff Rob Graves operates a business known as "Biengees Internet Negril" (BIN), a limited partnership located in Negril, Jamaica. BIN and co-plaintiff, Negril Chamber of Commerce, a not-for-profit Jamaican association, are in the business of promoting tourism in Jamaica. They do so through a website associated with the Domain Name, "negril.com." Plaintiff Ray Arthurs owns and operates a resort in Negril, Jamaica called "Golden Sunset."

Plaintiffs have brought a twenty-seven page complaint, in five counts, against six defendants. Defendant Len Pikulski owns and operates a company called "Nothin But Net LLC" which provides and maintains web sites. Defendant Mark Pinkstone is an employee of Nothin But Net. Defendants Stanley and Lonnie Gottlieb operate a resort in Negril, Jamaica. Defendant Phillip Rock is allegedly an agent of defendant Len Pikulski and of Nothin But Net. Defendant Network Solutions, Inc. (NSI) is the registrar of the domain name "negril.com."

Plaintiffs allege that they entered into a contract with Nothin But Net to become the internet service provider for the world wide web site registered domain name "negril.com." Plaintiffs allege that defendants competed with plaintiffs' web sites and actually converted plaintiffs' web sites for their own use, profit, and promotion (Count I). Specifically, plaintiffs allege that Len Pikulski attempted to gain illegal control of the registration of the domain name and of the associated website, claiming that he "covertly influenced an employee of NSI to enter false computer data in the computer data base of NSI to change the actual domain name." (Doc.4, p. 10). Plaintiffs accuse the Gottliebs of infringing

on their copyrights by publishing a web site that advertises their resort in Negril, Jamaica, on a web server located in New Jersey. (Doc. 4, Counts II and IV). Plaintiffs further allege that defendant Lonnie Gottlieb posted statements that were derogatory to plaintiffs on the web server in New Jersey. (Doc. 4, Count III). Plaintiffs allege that Network Solutions, Inc. (NSI) breached the registration agreement by modifying and changing the registration and ownership of "negril.com" from plaintiffs to the co-defendants (Count V). Plaintiffs claim that they have suffered a loss of revenue and a loss of goodwill, all in Jamaica.

Defendant Len Pikulski is a resident of, and does business in, New Jersey (Doc. 4, p. 4). Defendant Mark Pinkstone has the same business address as defendant Pikulski (Doc. 4, p. 5). Defendants Stanley and Lonnie Gottlieb state that they operate a resort in Negril, Jamaica, and have residences in Mayville, New York, and Negril, Jamaica (Doc 11, p. 2). Defendant Phillip Rock states that he is a resident of Dartmouth, Nova Scotia (Doc 11, p. 2). Defendant NSI is a Delaware Corporation that has its business offices in Herndon, Virginia (Doc. 25, p. 1).

Plaintiffs registered the domain name "negril.com" with NSI on January 16, 1996 (Doc.33, Exh. B, Doc. 40, Exh. 3). Plaintiffs continued to renew the registration of the domain name, and specifically, on February 10, 1999, plaintiff Graves' mother made a payment to renew the registration effective March, 1999. On March 16, 1999, plaintiffs received from NSI, via email, a domain modification form so that they could add a certain individual, Roy Rodden, as a technical contact. The top portion of the form contained the March, 1999 version of the registration agreement. The email began by stating: "This is the domain name registration agreement you recently created. In order to complete a modification you must email this form to hostmaster @ internic.net." Plaintiffs then sent in an email requesting the addition of Roy Rodden as the technical contact. (Doc. 33, Exh. 2).

This case was filed in December, 1999. Thus, the March, 1999 version of the registration agreement was the most recent version that was available when the case was filed. The first paragraph reads as follows:

> The domain name registration agreement ("Registration Agreement") is submitted to Network Solutions, Inc. ("NSI") for the purpose of applying for and registering a domain name on the Internet. If this Registration Agreement is accepted by NSI, and a domain name is registered in NSI's domain name database and assigned to the Registrant, Registrant ("Registrant") agrees to be bound by the terms of this Registration Agreement and the terms of NSI's Domain Name Dispute Policy ("Dispute Policy") which is incorporated herein by reference and made a part of this Registration Agreement. This Registration Agreement shall be accepted at the offices of NSI.

*(Doc.33, Exh. 1, p. 1) (emphasis added).*

The registration agreement also contains a forum selection clause which states:

> Governing Law. Registrant agrees that this Registration Agreement shall be governed in all respects by and construed in accordance with the laws of the Commonwealth of Virginia, United States of America. By submitting this Registration Agreement, Registrant consents to the *exclusive jurisdiction and venue* of the United States District Court for the Eastern District of Virginia, Alexandria Division. If there is no jurisdiction in the United States District Court for the Eastern District of Virginia, Alexandria Division, then jurisdiction shall be in the Circuit Court of Fairfax County, Fairfax, Virginia.

*(Doc.33, Exh. B, pp. 1–2) (emphasis added).*

## II. *Discussion.*

As noted, defendant Network Solutions, Inc. has moved to dismiss on the ground that venue is improper in this Court.

### A. *Motion to Dismiss Standard.*

 Plaintiff bears the burden of establishing that venue is proper. *Emjayco v. Morgan Stanley & Co., Inc.,* 901 F.Supp. 1397, 1400 (C.D.Ill.1995); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §§ 1352 at 263–65 (2d ed.1990). To determine whether venue is proper, a court may examine facts outside the complaint. *Karlberg European Tanspa, Inc. v. JK–Josef Kratz Vertriebsgeselischaft MbH,* 699 F.Supp. 669, 670 (N.D.Ill.1988). In resolving a motion to dismiss for improper venue, the court must resolve any factual conflicts in the parties' submissions in favor of the plaintiff, and draw any reasonable inferences from those facts in the plaintiff's favor. *See, e.g., Nagel v. ADM Investor Servs., Inc.,* 995 F.Supp. 837, 843 (N.D.Ill. 1998).

### B. *Analysis.*

Section 1406(a) of Title 28 of the United States Code provides that:

> **§ 1406 Cure or Waiver of defects**
>
> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

*28 U.S.C. § 1406(a).*

This case is brought under federal question jurisdiction. Whether venue is proper in a federal question case is governed by Title 28, Section 1391(b) which states:

> **§ 1391 Venue generally**
>
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no

district in which the action may otherwise be brought.

*28 U.S.C. § 1391(a).*

 Venue is not proper in the Southern District of Illinois. Plaintiffs cannot establish venue under § 1391(1) because none of the defendants reside in Illinois, and even if they did, not all of the defendants reside in the same state. Defendants Stanley and Lonnie Gottlieb have residences in Mayville, New York, and Negril, Jamaica, where they operate their resort. Defendant Phillip Rock is a resident of Dartmouth, Nova Scotia. Len Pikulski allegedly resides in New Jersey and Mark Pinkstone's business address is in New Jersey. NSI is a Delaware Corporation that has its business offices in Herndon, Virginia. Accordingly, plaintiffs cannot establish venue in Illinois under § 1391(1).

Plaintiff cannot rely on § 1391(2) to establish venue because none of the events or omissions appear to have occurred in Illinois. In fact, the complaint is completely devoid of allegations that anything occurred in Illinois. Instead, many of the events giving rise to some of these claims occurred in Virginia. The registration agreement was entered into and was performed at NSI's business offices in Virginia. The alleged breach and some of the alleged acts comprising some of the alleged tort claims also occurred in Virginia. Thus, venue is not proper in Illinois under § 1391(2).

Finally, plaintiffs cannot establish venue under § 1391(3). Under § 1391(3), venue is proper in any judicial district in which any defendant may be found, but only if there is no other district in which the action may be brought. As noted, under § 1391(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Here, many of the events giving rise to plaintiffs' claims occurred in Virginia. In addition, plaintiffs' registration agree-

ment with NSI has a forum selection clause which states that the exclusive jurisdiction and venue over the agreement shall be in the Eastern District of Virginia. Consequently, there is another district in which this action may be brought, the Eastern District of Virginia, and venue is therefore not proper in Illinois under § 1391(3).

■ Plaintiffs argue that the forum selection clause is not enforceable. Specifically, plaintiffs argue that they did not read the Agreement before they renewed it in February 1999. It is well-settled, however, that "a contract need not be read to be effective; people who accept take the risk that the unread terms may in retrospect prove unwelcome." *Hill v. Gateway 2000*, 105 F.3d 1147, 1148 (7th Cir.1997) (citations omitted).

Plaintiffs, relying on *Hammes v. AAMCO Transmissions*, 33 F.3d 774 (7th. Cir. 1994), argue that a forum selection clause limiting venue should not be enforced if there is some "conspiracy" aimed at the plaintiff. Plaintiffs' reading of *Hammes* is inaccurate. *Hammes* is distinguishable in that the *Hammes* court concluded that the clause at issue "did not purport to confine the franchisee's suits to Pennsylvania and should not be interpreted to do so." *Hammes*, 33 F.3d at 783 *(citing Paper Express, Ltd., v. Pfankuch Maschinen, GmbH*, 972 F.2d 753 (7th Cir.1992)). Here, however, the forum selection clause clearly does restrict suits under the registration agreement to Virginia. Accordingly, plaintiffs' reliance on *Hammes* is ineffective.

Plaintiffs also rely on *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), where the United States Supreme Court upheld jurisdiction of a California court over a Texas insurance company that received a premium from California. It is somewhat unclear why plaintiffs have cited this case, but in any event, *McGee* is clearly inapplicable. For over forty years, (i.e., since 1959), this case has been limited to the insurance industry. It is simply not appli-

cable. *Trippe Mfg. Co. v. Spencer Gifts, Inc.*, 270 F.2d 821, 822 (7th Cir.1959).

Plaintiffs also argue that the registration agreement that they entered into in 1995 did not contain a forum selection clause, and that when they completed modification forms for their renewal in March of 1999, they were merely "negotiating" for their "domain return." The Court need not pass on whether the March 1999 registration agreement had actually been renewed or was still under negotiation. Even if the contract were still under negotiation, it is clear that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in Virginia. Accordingly, under § 1391(b)(2) this action could have been brought in Virginia.

Finally, plaintiffs argue that the forum selection clause does not apply because defendants' alleged wrongful acts were outside the contract. Plaintiffs' claims, however, arise from their contractual relationship with NSI, and are therefore within the scope of the forum selection clause. Consequently, the forum selection clause applies. See *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir.1993) (plaintiffs' claims arise from a contractual relationship and are therefore within the scope of the forum selection clause).

### C. *Dismiss or Transfer.*

■ The Court is now faced with the decision of whether to dismiss or transfer this case. Section 1406(a) provides that: "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *28 U.S.C. § 1406(a)*. Under this section, the district court has broad discretion on whether to dismiss or transfer the case. *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir.1986) *(citing Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219—221 (7th Cir.1986)).

This Court finds that it is in the interest of justice to transfer this case to a district

where it could have been brought. Accordingly, this matter is transferred to the Eastern District of Virginia, Alexandria Division.

### III. *Summary.*

For the foregoing reasons, Network Solutions, Inc.'s motion to dismiss for improper venue (Doc. 24) is **GRANTED IN PART and DENIED IN PART.** This action is **TRANSFERRED** to the United States District Court for the Eastern District of Virginia, Alexandria Division, for such further proceedings as that Court may deem appropriate.

**IT IS SO ORDERED.**