**Randall BARNETT, Appellant,**

v.

**NETWORK SOLUTIONS,
INC., Appellee.**

No. 11–00–00079–CV.

Court of Appeals of Texas,
Eastland.

Jan. 11, 2001.

Adam J. Williams, George Parker Young, Friedman, Young, Suder & Cooke, Fort Worth, for Appellant.

Debra McComas, David H. Harper, Haynes & Boone, Dallas, Philip Sbarbaro, Network Solutions, Inc., Herndon, VA, for Appellee.

Panel consists of WRIGHT, and McCALL, JJ., and DICKENSON, S.J.*

Opinion

WRIGHT, Justice.

This case involves the validity of a forum selection clause in a contract between Randall Barnett and Network Solutions, Inc. (NSI). The trial court held that the

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

forum selection clause was valid and dismissed Barnett's suit. We affirm.

The record reflects that, when the events giving rise to this lawsuit occurred, NSI was the exclusive registrar of certain internet domain names such as ".net" and ".org." See *PGMedia, Inc. v. Network Solutions, Inc.*, 51 F.Supp.2d 389, 393–94 (S.D.N.Y.1999); *Beverly v. Network Solutions, Inc.*, No. C–98–0337–VRW, 1998 WL 320829 (N.D.Cal. June 12, 1998).[1] NSI's status as such registrar was, by virtue of a "Cooperative Agreement" between it and the United States of America, represented by the National Science Foundation.

As far as this case is concerned, Barnett entered into a contract with NSI desiring to register certain internet domain names. The electronic format of the contract required Barnett to electronically scroll through the contract in order to accept its provisions and obtain the registration or reject the provisions. One of those provisions was a forum selection clause requiring that any suit brought upon the contract must be brought in the State of Virginia.

Prior to the events giving rise to this lawsuit, Barnett had requested and received various domain name registrations through NSI. In the present case, Barnett claims that NSI failed to register certain domain names for which he had contracted, and he asserts that he was damaged by that failure.

▇ NSI moved to dismiss Barnett's suit, claiming that its contract with Barnett required that any suit on the contract be brought in Virginia. On appeal, Barnett maintains that the trial court abused its discretion when it granted the motion to dismiss. Specifically, Barnett asserts that the forum selection clause is fundamentally unfair and unenforceable for four reasons: Texas has a significant interest in

---

1. For a general discussion of the Internet Domain Name System, see *Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 576 (2d Cir.2000).

providing citizens with a forum to resolve disputes; NSI did not give adequate notice of the forum selection clause; the forum selection clause was placed in the agreement solely to discourage legitimate claims; and he was not able to reject the agreement with impunity because NSI was a monopoly.

We review a trial court's decision regarding the validity and enforcement of forum selection clauses under an abuse of discretion standard. *Bowers v. Matula*, 943 S.W.2d 536, 538 (Tex.App.—Houston [1st Dist.] 1997, no writ). A trial court abuses its discretion when it acts arbitrarily and unreasonably without reference to guiding rules or principles or when it misapplies the law to the facts in the case. *Baywood Country Club v. Estep*, 929 S.W.2d 532, 535 (Tex.App.—Houston [1st Dist.] 1996, writ den'd).

Forum selection clauses are valid if they are contractually agreed to by the parties and if the named forum recognizes the validity of such a provision. *Southwest Intelecom, Inc. v. Hotel Networks Corp.*, 997 S.W.2d 322, 324 (Tex.App.—Austin 1999, pet'n den'd); *Accelerated Christian Education, Inc. v. Oracle Corporation*, 925 S.W.2d 66, 70 (Tex.App.—Dallas 1996, no writ). Even though a forum selection clause in a non-negotiated form contract is valid, enforcement of the clause is subject to judicial scrutiny for fundamental fairness. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Stobaugh v. Norwegian Cruise Line Limited*, 5 S.W.3d 232, 236 (Tex.App.—Houston [14th Dist.] 1999, pet'n den'd). Since Virginia law recognizes and provides for the validity of forum selection clauses and since neither party claims on appeal that there was not a contract, we hold that the forum selection clause is valid. See *Paul Business Systems, Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 397 S.E.2d 804, 807 (1990).

As previously stated, even though a forum selection clause in a written contract is valid, a court may determine that it is unreasonable to enforce the clause under the circumstances of a particular case. *Carnival Cruise Lines, Inc. v. Shute, supra*; *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir.1997). In reaching its conclusion, the court will exercise judicial scrutiny to determine whether enforcement of the clause would be fundamentally unfair. *Carnival Cruise Lines, Inc. v. Shute, supra*; *Bremen v. Zapata Off–Shore Co., supra*; *Mitsui & Co. (USA), Inc. v. Mira M/V, supra*. The party challenging the forum selection clause has the "heavy burden" of making such a showing. *Mitsui & Co. (USA), Inc. v. Mira M/V, supra*.

When addressing the enforceability of forum selection clauses, the courts have utilized various factors in making a determination. For instance, a trial court is not bound by a forum selection clause if the interests of the witnesses and the public strongly favor a different forum. *Accelerated Christian Education, Inc. v. Oracle Corporation, supra* at 71. Courts may also consider whether the forum was selected to discourage legitimate claims, whether there was fraud or over-reaching, whether there was adequate notice, and whether the party retained the option of rejecting the contract with impunity following notice of the forum selection clause. *Stobaugh v. Norwegian Cruise Line Limited, supra* at 234. In addition, courts may consider whether the clause would effectively deprive a party of his day in court. *Mitsui & Co. (USA), Inc. v. Mira M/V, supra*.

Although Texas does have a significant interest in providing citizens with a forum to resolve disputes, that factor is not solely determinative. Furthermore, Virginia provides an adequate forum in which to determine the case.

Barnett also claims that he did not have adequate notice of the forum

selection clause because it was hidden in the registration agreement. However, the record demonstrates that the forum selection clause was stated clearly in the registration agreement. By the very nature of the electronic format of the contract, Barnett had to scroll through that portion of the contract containing the forum selection clause before he accepted its terms. Therefore, he had an adequate opportunity to read and understand the forum selection clause. Parties to a written contract have the obligation to read what they sign; and, absent actual or constructive fraud, not shown to be present here, they are not excused from the consequences attendant upon a failure to read the contract. *G–W–L, Inc. v. Robichaux*, 643 S.W.2d 392 (Tex. 1982). The same rule applies to contracts which appear in an electronic format. See *Cadapult Graphic Systems, Inc. v. Tektronix, Inc.*, 98 F.Supp.2d 560 (D.N.J.2000). It was Barnett's responsibility to read the electronically-presented contract, and he cannot complain if he did not do so.

■ We also disagree with Barnett's claim that the forum selection clause was placed in the registration agreement only to discourage legitimate legal claims. Even though NSI does not have the burden on this issue, the record reveals that there were legitimate reasons for including the forum selection clause in the contract. NSI has received more than 6,000,000 registration applications from throughout the world. Without a forum selection provision, NSI could be sued in forums throughout the world. Furthermore, because NSI charged only $35 per registration, the forum selection clause was a reasonable way to keep the price of the service low and to eliminate uncertainties. See *Carnival Cruise Lines, Inc. v. Shute, supra; Bremen v. Zapata Off–Shore Co.*, supra. In addition, Virginia is NSI's principal place of business. See *Carnival Cruise Lines, Inc. v. Shute*, supra; *Bremen v. Zapata Off–Shore Co.*, supra; *Eisaman v. Cinema Grill Systems, Inc.*, 87 F.Supp.2d 446 (D.Md.1999).

■ Furthermore, Barnett claims that he was not able to reject the agreement with impunity because NSI is a monopoly and that, therefore, the parties were in an unequal bargaining position. It is the unfair use of, not the mere existence of, an unequal bargaining power that undermines a contract. *Hodes v. S.N.C. Achille Lauro ed Altri–Gestione*, 858 F.2d 905 (3d Cir.1988). Here, there has been no showing of any unfair use of a superior bargaining position by NSI. To the contrary, as stated above, the record shows that there were a number of legitimate reasons for including the forum selection clause in the contract. Assuming that NSI was a monopoly, that fact alone does not mean that the forum selection clause was not enforceable. There must be some showing of fraud, overreaching, deception, substantive unfairness, or some other unfair use of the status; and there is no such showing in this record. See *Hodes v. S.N.C. Achille Lauro ed Altri–Gestione, supra.*

■ Barnett claims that he is not subject to Virginia law but that NSI is subject to Texas law. We disagree. Barnett is subject to Virginia law, and whether NSI is subject to Texas law is not at issue. Enforcement of a valid forum selection clause does not offend due process. *Carnival Cruise Lines, Inc. v. Shute, supra; Abacan Technical Services Limited v. Global Marine International Services Corporation*, 994 S.W.2d 839 (Tex.App.—Houston [1st Dist.] 1999, no pet'n). When a party contractually consents to the jurisdiction of a particular state, that state has jurisdiction over the party if that state will enforce the type of forum selection clause signed by the party. *Greenwood v. Tillamook Country Smoker, Inc.*, 857 S.W.2d 654 (Tex.App.—Houston [1st Dist.] 1993, no writ). Virginia does enforce forum selection clauses. *Paul Business Systems, Inc. v. Canon U.S.A., Inc., supra.*

■ Finally, Barnett urges that NSI is prohibited from relying on the fo-

rum selection clause because it breached the contract by failing to provide some of the domain names which he had requested. We disagree. Barnett's claims arise from the contract and are, therefore, within the scope of the forum selection clause. *Graves v. Pikulski*, 115 F.Supp.2d 931 (S.D.Ill.2000). When there is a breach of contract, the parties must comply with the forum selection clause before dealing with the underlying claims. *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 302 (5th Cir.1998).

The trial court did not abuse its discretion when it enforced the forum selection clause and dismissed Barnett's lawsuit. The sole issue on appeal is overruled.

The judgment of the trial court is affirmed.