2002 SD 72

Ivana KLENZ, Individually and as Mother and Special Administratrix of the Estate of Jan Wunderlich, a Deceased Minor, Plaintiff and Appellant,

v.

AVI INTERNATIONAL, Defendant and Appellee.

No. 22033.

Supreme Court of South Dakota.

Argued March 28, 2002.

Decided June 19, 2002.

Robert L. Morris of Day, Morris and Schreiber, Belle Fourche, for plaintiff and appellant.

Gregory G. Strommen of Costello, Porter, Hill, Heisterkamp, Bushnell and Carpenter, Rapid City, for defendant and appellee.

SABERS, Justice.

[¶ 1.] Ivana Klenz commenced a lawsuit against AVI International (AVI) after it refused a demand for payment of legal expenses incurred in a wrongful death suit initiated by Klenz. AVI moved for summary judgment and the trial court granted the motion on the basis that 2) there was no personal jurisdiction over AVI. Klenz appeals. We reverse Issue 2), but affirm Issue 3) on the basis that there is no sufficient showing that the forum selection clause is invalid.

## FACTS

[¶ 2.] In August 1996, Jan Wunderlich, a seventeen-year-old foreign exchange student from Germany, was placed by AYUSA International in a host home in Newell, South Dakota. As a foreign exchange student in the AYUSA International program, Wunderlich was insured through AVI under the "Security Pass'Port" program, specifically Policy No. 290–682 AVI/AYU.

Wunderlich received an AVI insurance identification card, identifying him as an insured participant. AVI obtained this insurance policy through Chubb Insurance of Europe, which was referred to as the insurer. AVI was denominated a broker, AYUSA International was denominated the policy holder and Jan Wunderlich was denominated the beneficiary.

[¶ 3.] The insurance policy was effective for the 1996–97 academic year and provided worldwide coverage for medical/accident, dental, travel expense, death benefits, disability, third party liability and legal expenses. Specifically, with respect to legal expense coverage, the policy covered necessary and reasonable attorney and litigation expenses incurred by the insured as a plaintiff or defendant in a legal action. Coverage began when Wunderlich departed from Germany and would have ended when he returned to Germany.

[¶ 4.] On October 12, 1996, Wunderlich was killed in a car accident on Highway 79, near rural Newell, Butte County, South Dakota, while a passenger in a friend's vehicle. On March 25, 1999, Klenz, Wunderlich's mother, was appointed as special administratrix of his estate in Butte County. Klenz brought a wrongful death suit against the host family, the driver of the vehicle and AYUSA International. At the conclusion of the suit, Klenz demanded payment of legal expenses from AVI. AVI refused, causing Klenz to bring this action against AVI for legal expenses in Butte County.

[¶ 5.] AVI is a French corporation with its principal place of business in France. It maintains a claims office at 26 Third Street, San Francisco, California, 94103. Klenz served AVI through its claims office in San Francisco with a summons and complaint on August 2, 2000. On January 16, 2001, AVI filed a motion to dismiss

asserting lack of personal jurisdiction over AVI. Following a hearing on March 12, the trial court denied AVI's motion to dismiss on March 16. AVI then filed a motion to reconsider and a hearing was held on April 12. At that meeting the parties agreed to convert the motion to dismiss into a motion for summary judgment, with the understanding that any order of summary judgment would be appealed to this Court. The trial court granted summary judgment in favor of AVI on May 8, 2001.

## STANDARD OF REVIEW

[¶ 6.] Our standard of review for summary judgment is well established and is "whether a genuine issue of material fact exists and whether the law was correctly applied." *Manuel v. Wilka*, 2000 SD 61, ¶ 17, 610 N.W.2d 458, 462 (citing *Parmely v. Hildebrand*, 1999 SD 157, ¶ 7, 603 N.W.2d 713, 715–16 (citations omitted)).

[¶ 7.] **1. WHETHER KLENZ'S APPEAL IS BARRED BECAUSE OF THE AGREEMENT TO CONVERT A MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT.**

[¶ 8.] AVI argues that this appeal is barred by the parties' agreement for summary judgment. During the April 12, 2001 hearing on the motion to dismiss, the trial court made the following statements.

[W]e've got a very unique set of geographic circumstances, I am still dumfounded that no place in the entire world has made the determination that each of you is asking me to make, and I think that that's something that should be decided before you guys spend thousands of dollars on trial preparation and then we try the case and maybe end up with a verdict that gets tossed. So I'm inclined at this point to treat it as a summary judgment, grant it as a summary

judgment, dismiss the case and rule on everything that's been presented so that you get it decided once on jurisdiction issues, the forum selection clause, and the policy, and anything else that's being raised, so if you proceed with trial, you know that at least you don't have that issue gnawing at you.

Both parties agreed with the trial court's comments and the trial court converted the motion to dismiss to a motion for summary judgment and granted summary judgment.

[¶ 9.] AVI asserts that when Klenz agreed to the conversion of the motion to dismiss, she was not entitled to appeal the trial court's decision. This argument is without merit. The parties' agreement to convert AVI's motion to dismiss to a motion for summary judgment is not a stipulation for summary judgment. The agreement to convert the motion was done with the intent of appealing the case to this Court. It was not an agreement that summary judgment was appropriate on the merits.

[¶ 10.] **2. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE BASIS THAT IT LACKED PERSONAL JURISDICTION OVER AVI.**

[¶ 11.] AVI asserts that it lacked sufficient minimum contacts with South Dakota to subject it to personal jurisdiction. AVI argues that, because it is an insurance broker, and not an insurer, the trial court had no way of obtaining jurisdiction over it. Specifically, AVI contends that it could not have anticipated being haled into court in the state because it did not issue the insurance policy and merely found a company to underwrite the policy.

[¶ 12.] This Court has set out the principles for determining when circumstances

provide sufficient contacts between a nonresident defendant and this state to support personal jurisdiction. These principles are well established.

First, the defendant must purposefully avail himself of the privilege of acting in the forum state, thus invoking the benefits and protections of its law. Second, the cause of the action must arise from defendant's activities directed at the forum state. Finally, the acts of defendant must have substantial connection with the forum state to make the exercise of jurisdiction over defendant a reasonable one. An important factor bearing upon reasonableness of asserting jurisdiction is to determine if defendant's conduct and connection with the forum state are such that he would have reasonably anticipated being brought into court there.

*Miller v. Weber*, 1996 SD 47, ¶ 8, 546 N.W.2d 865, 867 (quoting *Opp v. Nieuwsma*, 458 N.W.2d 352, 355–56 (S.D.1990)).

[¶ 13.] While AVI may not be the primary insurer, it did issue the Security Pass'Port, which is an insurance policy. The Security Pass'Port information provided to the student as beneficiary includes: (1) an AVI insurance policy number; (2) an AVI International insurance I.D. card; (3) the address for the AVI Insurance Claim Service; (4) the events that trigger insurance coverage; and, (5) the limits of the AVI insurance policy coverage. And, as the issuer of this Security Pass'Port policy, AVI is a broker and a guarantor or insurer of the policy.

■ [¶ 14.] Personal jurisdiction may be obtained over a foreign defendant if the plaintiff's claim arises out of or relates to the defendant's contacts with the forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2181–82, 2185, 85 L.Ed.2d 528, 540–41 (1985). Furthermore, a single contact with the forum is sufficient if the plaintiff's claim arises out of that contact. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, 226 (1957).

[¶ 15.] Wunderlich was a foreign exchange student in South Dakota. During this time he was covered by the provisions of the Security Pass'Port. The accident in which he was killed occurred in South Dakota and the subsequent wrongful death suit was brought in South Dakota. The purpose of the insurance policy or Security Pass'Port policy issued by AVI is to provide *worldwide* coverage for the foreign exchange student while he/she is away from home. As the broker, guarantor, and insurer of the policy, AVI should have anticipated that it could be brought into court wherever the insured foreign exchange student resided or traveled.

[¶ 16.] AVI, as a broker, guarantor and insurer, did have a substantial connection with South Dakota and exercising personal jurisdiction over it is not improper. Under these circumstances, AVI cannot persuasively argue that it could not have reasonably anticipated being brought into court in this state.

[¶ 17.] **3. WHETHER THE FORUM SELECTION CLAUSE IN THE AVI INTERNATIONAL SECURITY PASS'PORT IS SHOWN TO BE UNFAIR OR UNREASONABLE IN THIS ACTION FOR ATTORNEY'S FEES, MAKING IT INVALID.**

■ [¶ 18.] AVI argues that Klenz is bound by the forum selection clause included in the Security Pass'Port. The AVI International Security Pass'Port provides in part:

This contract has been signed in France by the policy holder [AYUSA International] as the insurance companies un-

derwriting the contract are located in Paris, France.

According to the French insurance regulation and the French consumer act, all disputes between the policyholder or the insured and the insurance companies must be brought to court in France. Accordingly, AVI argues that Klenz is required to bring her action in France.

[¶ 19.]   As indicated, a hearing was held on April 12, 2001, to consider AVI's motion to dismiss and determine whether that motion should be converted into a motion for summary judgment.   During the hearing, the trial court stated:

If I grant the motion to dismiss for lack of jurisdiction over the person, and *further find that there is insufficient evidence of an adhesion contract, therefore, the forum selection clause in the policy is valid,* then you have a final judgment from which you can appeal and the Supreme Court has to hear it, and then they have to tell us whether or not there is jurisdiction over the person before we try this case.

Because I could see the Supreme Court saying there is no activity by the Defendant, whether it's the insurance company or just a broker, that subjects this Defendant to jurisdiction in this state or creates the sufficient minimum contacts. Or they may say even if there was, there is a valid forum selection clause, so you people wasted a year and a half of your time getting this case to a verdict.

Then I can see them on the other hand maybe coming back and thinking like I was thinking, and that is when you write a policy of insurance good all over the world that provides coverage for up to $600,000 in legal expenses that are going to be incurred outside of the country in which this policy is written and can only occur outside that country, therefore, under these unique circumstances, there is sufficient minimum contact with any country or state in which this foreign exchange student travels to create minimum contacts with that forum and subjects the company to liability.

*I could see the Court saying that as a matter of public policy, that this is totally useless, worthless insurance coverage to the extent of $600,000 because nobody can afford to go to France to litigate the policy.   That's where I'm at with this thing.*

(emphasis added).

[¶ 20.]   The trial court granted summary judgment because of lack of jurisdiction.   It heard no evidence regarding the unfairness or unreasonableness of the forum selection clause and made no specific determination or findings on the issue. Despite the statements of the trial court set forth above in ¶ 19, it did not make a ruling as to the invalidity of the forum selection clause.

[¶ 21.]   This Court has stated that "when the parties to a contract agree that actions arising from that contract will be brought in a particular jurisdiction, that agreement should be given effect unless it is shown that to do so would be unfair or unreasonable."   *Green v. Clinic Masters, Inc.,* 272 N.W.2d 813, 815 (S.D.1978).   In *Green,* this Court cited the following authority:

The modern cases say that contracts limiting judicial jurisdiction will be respected if there is nothing unfair or unreasonable about them, but will be disregarded if they are unfair or unreasonable.   They are more likely to be sustained if they related to disputes already arisen or contemplated, but that is not a rigid limitation.   They are less likely to be sustained if they appear in adhesion contracts prepared in advance by one of the parties, and will generally

be disregarded if genuine inconvenience or inadequacy of remedy would ensue from them.

272 N.W.2d at 815 (citing *R. Leflar, American Conflicts Law,* 3d ed., § 52, p. 100–101) (footnotes omitted). The "party seeking to obviate the agreement has the burden of proving its unreasonableness." *Green,* 272 N.W.2d at 816 (citing *Cent. Contracting Co. v. C.E. Youngdahl & Co.,* 418 Pa. 122, 209 A.2d 810, 816 (1965)). *See, e.g., Rozeboom v. Northwestern Bell Tel. Co.,* 358 N.W.2d 241, 243 (S.D.1984) (holding that a limitation of liability clause in a standardized contract was unreasonable and unconscionable in light of the facts of the case).

[¶ 22.] As a member of the AYUSA International program, it appears Wunderlich had little choice but to accept the terms and conditions of the program. He never negotiated the provisions of the Security Pass'Port, nor did he have the opportunity to negotiate them. Neither Wunderlich nor Klenz signed this contract. AVI argues that this forum selection clause is reasonable because it reduces the cost of the insurance to the insured. However, the provision requiring that any litigation must be pursued in France tends to defeat the purpose of sending the Security Pass'Port along with the student. The purpose of the Security Pass'Port is to provide the student with worldwide insurance coverage. Limiting the insured student's forum for dispute resolution to France is somewhat contrary to providing worldwide coverage and to the purpose thereof.

[¶ 23.] However, AVI may be inconvenienced if it is required to litigate claims for attorney's fees in any forum, worldwide. In *Barnett v. Network Solutions, Inc.,* 38 S.W.3d 200 (Tex.Ct.App.2001), the Texas Court of Appeals addressed a similar situation. It stated:

We also disagree with [plaintiff's] claim that the forum selection clause was placed in the registration agreement only to discourage legitimate legal claims. Even though NSI does not have the burden on this issue, the record reveals that there were legitimate reasons for including the forum selection clause in the contract. *NSI has received more that 6,000,000 registration applications from throughout the world. Without a forum selection provision, NSI could be sued in forums throughout the world.* Furthermore, because NSI charged only $35 per registration, the forum selection clause was a reasonable way to keep the price of the service low and to eliminate uncertainties.

*Id.* at 204 (internal citations omitted) (emphasis added). Although not provided in the record, the number of students insured under the AVI Pass'Port would be substantial.

[¶ 24.] A forum selection clause may be unreasonable in light of this Court's factors for determining reasonableness:

1. The law which governs the formation and construction of the contract;

2. The residency of the parties;

3. The place of execution and/or performance of the contract; and,

4. The location of the parties and witnesses involved in the litigation.

*Baldwin v. Heinold Commodities, Inc.,* 363 N.W.2d 191, 194 (S.D.1985).

[¶ 25.] Under these factors, the forum selection clause may be reasonable. First, the law governing the formation and construction of the contract is the law of France, not the law of South Dakota. Second, both parties are residents of Europe. Third, the place of execution and performance of the contract was Europe, if not France. Finally, the location of the parties and witnesses favors litigation in

France. Klenz, AVI and Chubb are located in Europe and only Klenz's attorney is located in South Dakota.

[¶ 26.] However, it remains difficult to determine whether the forum selection clause is unfair or unreasonable under South Dakota law because of the undeveloped record and incomplete reasoning on the part of the trial court. The record does not specify the litigation expenses being sought by Klenz as administratrix or the amount thereof. Nor does the record disclose whether the expenses incurred in the underlying wrongful death suit have been paid to trial counsel or whether Klenz is seeking reimbursement for litigation expenses already paid.

[¶ 27.] The policy provides in part on page 17:

> IMPORTANT: Only the insurance company may appoint a legal counsel. No coverage will be provided if this right is in any way violated. If the company made any payments to you under this policy, it is entitled to pursue a legal settlement with the party responsible for the damage.

If only the insurance company may appoint legal counsel, and, presuming this provision has been waived or executed in the area where the beneficiary was injured, it may impose upon the beneficiary or his heirs the increased expense of hiring second appointed counsel. However, it may be equally inconvenient for AVI to hire counsel in a foreign forum.

[¶ 28.] These and other matters are important factors to consider in determining the reasonableness and validity of the forum selection clause in this case. As stated, from this record, it is difficult to determine whether the forum selection clause presents a "genuine inconvenience or inadequacy of remedy" to this plaintiff as required under *Green*.

[¶ 29.] We acknowledge that plaintiff's counsel may have felt compelled to agree to changing the dismissal motion to a motion for summary judgment without having all evidence admitted. However, the burden is upon the challenger to show that the forum selection clause is unreasonable or unfair and thereby invalid under the circumstances. This burden has not been met and we must affirm this issue.

[¶ 30.] Therefore, we reverse Issue 2 and affirm Issue 3.

[¶ 31.] GILBERTSON, Chief Justice, and GORS, Acting Justice, concurs.

[¶ 32.] AMUNDSON and KONENKAMP, Justices, concur in part and concur in result in part.

[¶ 33.] ZINTER, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

KONENKAMP, Justice (concurring and concurring in result).

[¶ 34.] I concur with the majority on Issues One and Two. As to Issue Three, I concur in the result only: there should be no doubt that the forum-selection clause is enforceable, reasonable, and fair under the circumstances of this case. Unfortunately, the reasoning in the majority opinion clouds the issue, works an injustice to Klenz, and may work an injustice to future plaintiffs who find themselves in a similar position.

[¶ 35.] In the course of its discussion, the majority adopts the four-factor test, notes that, "[u]nder these factors, the forum selection clause may be reasonable," and then proceeds to show that all four factors are (or at least seem to be) satisfied. There is no fifth factor in the precedents, yet the majority writing claims that "it remains difficult to determine whether

the forum-selection clause is unfair or unreasonable under South Dakota law because of the undeveloped record and incomplete reasoning on the part of the trial court." These pronouncements are entirely unwarranted. The record is no more developed than it is because the parties agreed that it need not be further developed; they themselves did not see the need to state the amount of litigation expenses involved or the identity of the party who is to receive payment from AVI or Chubb. After all, these facts have nothing to do with whether the forum selection clause is enforceable.

[¶ 36.] The law in this area is clear and ought not to be muddied with unnecessary dicta. In *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the United States Supreme Court held that forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 10, 92 S.Ct. at 1913, 32 L.Ed.2d at 520. A forum-selection clause is "unreasonable" where a party can make a "strong showing" either that the forum thus selected is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court," or that the clause was procured through "fraud or overreaching." *Id.* at 15–18, 92 S.Ct. at 1916–17, 32 L.Ed.2d at 523–25. No showing—much less a "strong showing"—of these elements exists here. That there may not have been actual negotiations over the clause does not affect its validity. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593, 111 S.Ct. 1522, 1527, 113 L.Ed.2d 622, 632 (1991).

[¶ 37.] The majority's reasoning on Issue Three is tantamount to punishing Klenz and her attorney for allowing the case to go to summary judgment: as if doing so ensured that the record would be undeveloped and the trial court's reasoning incomplete. Indeed, the specific lesson taken from the majority's opinion will be that no one in Klenz's position should agree to proceed to summary judgment without first putting in the record every insubstantial detail possible, hoping that we might snatch some unessential fact to claim it empowers us to disregard settled law.

[¶ 38.] As the majority notes, Klenz brought this action in Butte County, South Dakota, against AVI, for "legal expenses." In support of its assertion that "the undeveloped record and incomplete reasoning on the part of the trial court" cause it to be "difficult to determine whether the forum-selection clause is unfair or unreasonable under South Dakota law[,]" the majority provides two details. First, "[t]he record does not specify the litigation expenses being sought by Klenz as administratrix or the amount thereof"; second, the record does not "disclose whether the expenses incurred in the underlying wrongful death suit have been paid to trial counsel or whether Klenz is seeking reimbursement for litigation expenses already paid." (As to the identity of the "other matters" that are supposedly "important factors to consider in determining the reasonableness and validity of the forum selection clause in this case[,]" the majority provides no hint.) Neither of these items can stand up to scrutiny.

[¶ 39.] On the first point, what possible difference could it make whether the amount Klenz seeks is $1 or $1,000,000? The absence of that fact, itself a target presumably moving upward as time passes, in the set of stipulated facts indicates that even the parties thought it irrelevant to the reasonableness of the choice-of-forum clause. Would we hold that if it were a substantial sum, then South Dakota

is the right forum, but if not, let France decide?

[¶ 40.] As to the second point, again the proper question in this case is: as regards this action for attorney's fees, is the forum selection clause unreasonable under South Dakota law? The majority invites us to consider two alternatives. First, suppose that there has been as yet no payment for attorney's fees. In the first alternative, we must ask, who wishes to recover them? Klenz or her attorney? In either case, Klenz, the estate representative, is the ultimate beneficiary. Who will have to travel? If the case is litigated in France, perhaps her attorney and Klenz. The attorney will have expenses which, presumably, would be added to those he already claims and which, along with them, he would recover, if he prevails. If it is litigated in South Dakota, either an AVI or Chubb attorney will handle the case. This is a wash. One side is no more inconvenienced than the other. And since other things are equal, the forum selection clause should determine. Next suppose that Klenz has paid her attorney's fees and is seeking reimbursement from AVI or Chubb. We still have the same essential dispute: a case between two European parties seeking interpretation of a French contract under French law. The notion that such a case could be more properly adjudicated in South Dakota than in France beggars the imagination.*

[¶ 41.] The conclusion is inescapable that no material facts remain on which we need to make a decision. As the majority notes, the burden was on Klenz to show that the forum-selection clause is unreasonable. Regarding the four required elements, first, the law governing the formation and construction of the contract is the law of France, not the law of South Dakota. Second, both parties are residents of Europe, not South Dakota, and even if we factor in that Klenz's counsel is a South Dakota resident, there is equal inconvenience to whichever party has to travel or, alternatively, to arrange for an attorney to argue in a distant forum. Third, the place of execution and performance of the contract was Europe, if not France; it was certainly not South Dakota. It is, of course, true that the attorney's fees for which Klenz (or her lawyer) seek reimbursement were accumulated in South Dakota. But the fee agreement reached between Klenz and her attorney is not before us and, in any case, is entirely distinct from the contract between AVI–Chubb and Klenz–Wunderlich. Finally, the location of the parties and witnesses favors litigation in France. Both nominal parties are in Europe, and given the nature of the action, no more witnesses would be necessary than Klenz, her attorney, and representatives of Chubb. Travel inconvenience, if any, would be equal, though, perhaps, a Chubb representative's desire to see South Dakota may be greater than the desire of Klenz's attorney to see Paris. Alternatively, the inconvenience of finding an attorney to represent claims in a foreign forum would also be equal.

[¶ 42.] In summary, the issue is squarely before us and it is unfair to suggest that Klenz and her attorney somehow failed to provide undiscovered, unknown, and unimportant information. If the majority were correct in its assertion that

---

* Although South Dakota does have a significant interest in providing citizens with a forum in which to resolve disputes, that factor is not solely determinative. *See Network Solutions, Inc.*, 38 S.W.3d at 203. Furthermore, Klenz is not a citizen of South Dakota and no evidence has been provided to support a contention that France does not provide an adequate forum in which to adjudicate this case. And I think it highly unlikely that any such evidence could be adduced.

there are material facts the discovery of which might have made the forum-selection clause unreasonable, then, as a matter of simple justice, Klenz should be given the opportunity to bring those facts to light. Thus, although I concur in the result, I cannot agree with the majority's reason for coming to that result.

[¶ 43.]   AMUNDSON, Justice, joins this special writing.