#25302-rev & rem-GAS

**2010 SD 25**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

O'NEILL FARMS, INC.,                                     Plaintiff and Appellant,

v.

TODD REINERT d/b/a
ROCKIN' R FARMS,                                          Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
TODD COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE KATHLEEN F. TRANDAHL
Judge

\* \* \* \*

STANLEY E. WHITING
Winner, South Dakota                                     Attorney for plaintiff
                                                         and appellant.


J.M. GROSSENBURG
Hill City, South Dakota                                  Attorney for defendant
                                                         and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 11, 2010

OPINION FILED **03/10/10**

#25302

SEVERSON, Justice

[¶1.] Tony O'Neill, a South Dakota resident and vice president of O'Neill Farms, Inc. (O'Neill Farms), commenced this breach of contract action against Todd Reinert in Todd County, South Dakota. The suit was based on disputes arising from a written agreement under which O'Neill Farms, a South Dakota corporation, leased to Reinert a 2007 John Deere combine. Reinert contacted O'Neill in response to a "combine for lease" advertisement and, after negotiations, signed a lease agreement that included a forum-selection clause. The clause stated: "if any legal action is taken it will be in Todd Co. SD[.]" Despite this clause, Reinert, a resident of Texas, filed a motion to dismiss for lack of personal jurisdiction. The circuit court granted this motion and dismissed O'Neill Farms' action. The circuit court concluded: (1) the forum-selection clause was unreasonable, and therefore, unenforceable; and, (2) because the forum-selection clause was unreasonable, imposing personal jurisdiction on Reinert would violate due process. O'Neill Farms appeals.

## FACTS AND BACKGROUND

[¶2.] O'Neill Farms is a South Dakota corporation that farms in Bennett County and Todd County, South Dakota, and also leases farm equipment to farmers and commercial harvesters. Tony O'Neill is the vice president and registered agent of the corporation. The farming operation is near the Nebraska/South Dakota border, and the mailing address of O'Neill Farms and Tony O'Neill is HC 77 Box 33A, Cody, Nebraska, 69211. As part of O'Neill Farms' combine rental business, it places advertisements in the High Plains Journal, a farm magazine published in

-1-

Dodge City, Kansas. Todd Reinert, who had previously leased from O'Neill, read an advertisement in the Journal and contacted O'Neill at the South Dakota phone number listed.

[¶3.] Without assistance of counsel, O'Neill drafted a two-page combine lease. The lease was written on O'Neill Cattle Company, Inc. letterhead. O'Neill Cattle Company is also a South Dakota company, but is a separate corporation from O'Neill Farms. The letterhead for O'Neill Cattle Company included the Cody, Nebraska, address and the same South Dakota phone number as the advertisement. The letterhead also included a fax number with the South Dakota area code. Neither party challenges the existence or validity of the lease between O'Neill Farms and Reinert. The lease also included a forum-selection clause. The parties conceded that they have transacted business before and that the prior lease was similar. It is undisputed that the parties conducted conversations over the phone with Reinert initiating at least two of the conversations. As a result of these negotiations, at least one term of the lease was amended.

[¶4.] On August 10, 2007, O'Neill signed the lease and sent it to Reinert. On August 19, O'Neill shipped the combine from South Dakota to Ness City, Kansas, where it remained until Reinert signed the lease and paid the rent. Reinert signed the lease in Texas on September 15, 2007. Once O'Neill received payment, the combine was shipped from Ness City, Kansas, to Dumas, Texas. Various problems arose with the combine, and disputes developed regarding each party's responsibilities under the lease. Ultimately, O'Neill sent a truck to transport the combine back to South Dakota. O'Neill Farms subsequently served a

summons and complaint on Reinert in Texas for breach of the lease claiming non-payment of numerous obligations. Reinert responded with an answer and counterclaim also alleging breach of contract.

[¶5.] On December 9, 2008, Reinert filed a SDCL 15-6-12(b)(2) motion to dismiss for lack of personal jurisdiction and submitted an affidavit in support. The circuit court conducted a review of the record and issued a memorandum decision on May 15, 2009, granting Reinert's motion. The circuit court concluded that the forum-selection clause was unreasonable, and therefore, unenforceable. Based upon its decision that the forum-selection clause was unreasonable, the circuit court also decided that "to impose personal jurisdiction on Defendant would necessarily deprive Defendant of fair play and substantial justice" and would "run afoul" of Reinert's due process guarantee under the Fourteenth Amendment. O'Neill Farms appeals the circuit court's ruling. We reverse.

## ISSUES

[¶6.] We restate the issues:

1. Whether the circuit court erred in concluding Reinert made a strong showing that the forum-selection clause was unreasonable under the circumstances.

2. Whether the circuit court erred in concluding that imposing in personam jurisdiction on Reinert would deprive him of fair play and substantial justice.

## STANDARD OF REVIEW

[¶7.] "'We review issues regarding a court's jurisdiction as questions of law under the de novo standard of review.'" Daktronics, Inc. v. LBW Tech Co. Inc., 2007 SD 80, ¶2, 737 NW2d 413, 416 (quoting Grajczyk v. Tasca, 2006 SD 55, ¶8, 717

NW2d 624, 627). In *Guthmiller v. Deloitte & Touche, LLP,* we discussed the proper standard of review for a motion to dismiss under SDCL 15-6-12(b):

> A motion to dismiss under SDCL 15-6-12(b) tests the legal sufficiency of the pleading, not the facts which support it. For purposes of the pleading, the court must treat as true all facts properly pled in the complaint and resolve all doubts in favor of the pleader. "Our standard of review of a trial court's grant or denial of a motion to dismiss is the same as our review of a motion for summary judgment-is the pleader entitled to judgment as a matter of law?" Thus, all reasonable inferences of fact must be drawn in favor of the non-moving party and we give no deference to the trial court's conclusions of law.

2005 SD 77, ¶4, 699 NW2d 493, 496 (quoting Vitek v. Bon Homme County Bd. of Com'rs, 2002 SD 100, ¶7, 650 NW2d 513, 516).

## ANALYSIS AND DECISION

[¶8.]     **1.     Whether the circuit court erred in concluding Reinert made a strong showing that the forum-selection clause was unreasonable.**

[¶9.]     Our prior case law makes clear that parties "may contractually specify and consent to a state's jurisdiction over legal actions which arise under a contract." Baldwin v. Heinold Commodities, Inc., 363 NW2d 191, 194 (SD 1985) (citing Nat'l Equip. Rental v. Szukhent, 375 US 311, 84 SCt 411, 11 LEd2d 354 (1964)); *see* Green v. Clinic Masters, Inc., 272 NW2d 813, 815 (SD 1978) (holding forum-selection clauses are enforceable unless unreasonable); *see also* Burger King v. Rudzewicz, 471 US 462, 473 n14, 105 SCt 2174, 2182 n14, 85 LEd2d 528 (1985) ("[P]arties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process.") (internal

citations omitted). Furthermore, "forum-selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Klenz v. AVI Intern.*, 2002 SD 72, ¶36, 647 NW2d 734, 741 (Konenkamp, J., concurring in result) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 US 1, 10, 92 SCt 1907, 1913, 32 LEd2d 513, 520 (1972)), Additionally, a forum-selection clause should be enforced unless "the clause was invalid for such reasons as fraud or overreaching[,]" or "if enforcement would contravene a strong public policy of the forum in which it is brought." *Bremen*, 407 US at 15, 92 SCt at 1916. The burden is on the resisting party to make a "*strong showing* . . . that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* (emphasis added).

[¶10.] The parties do not dispute the presumption of validity of the forum-selection clause. Furthermore, Reinert does not dispute his knowledge of the clause in the agreement, contend he was the victim of fraud or overreaching, or argue that enforcement would violate strong public policy of South Dakota. *See Bremen*, 407 US at 15-18, 92 SCt at 1916-17. Rather, Reinert relies on the circuit court's balancing of the *Baldwin* factors and conclusion that because more factors weighed in favor of Texas, enforcement of this clause would be unreasonable. On appeal, O'Neill Farms contends that the circuit court erred in concluding that Reinert made a "strong showing" of unreasonableness and takes issue with the circuit court's analysis and application of the *Baldwin* factors. Specifically, O'Neill asserts that the circuit court: gave too much weight to the location of witnesses; erroneously

concluded Texas law controlled construction of the contract; and, improperly applied the place of execution or performance factor.

[¶11.] Because fraud, overreaching, and contravention of public policy are not at issue in this case, we review this issue to determine whether Reinert rebutted the presumption of enforceability by making a "strong showing" that the forum selected, South Dakota, is "unreasonable," *i.e.*, that trial in the contractual forum will be "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Klenz*, 2002 SD 72, ¶36, 647 NW2d at 741 (Konenkamp, J., concurring in result) (quoting *Bremen*, 407 US at 18, 92 SCt at 1917). In reviewing the reasonableness of a forum-selection clause, the following factors have been considered:

> 1. The law which governs the formation and construction of the contract;
> 2. The residency of the parties;
> 3. The place of execution and/or performance of the contract; and
> 4. The location of the parties and the witnesses probably involved in the litigation.

*Baldwin*, 363 NW2d at 194 (citation omitted). Other factors that many courts have looked to in applying the reasonableness standard include:

> 5. The availability of remedies in the designated forum;[1] and
>
> 6. Whether the drafter "has a special interest in limiting the fora in which it potentially could be subject to suit."[2]

---

1. *See Green*, 272 NW2d at 815 (citing R. Leflar, American Conflicts Law § 52, at 100-101 (3rd ed 1977)); Hoffman v. Burroughs Corp., 571 FSupp 545, 549 (DCTex 1982) (citation omitted).

2. Carnival Cruise Lines v. Shute, 499 US 585, 593, 111 SCt 1522, 1527, 113 LEd2d 622 (1991).

[¶12.]     The first factor is determined by applying SDCL 53-1-4, South Dakota's choice of law statute regarding contracts. It provides: "A contract is to be interpreted according to the law and usage of the place where it is to be performed or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." *Id*. Because this lease does not provide a place of performance, the law of the place the contract was made controls. "The test of the place of a contract is the place where the last act is done by either of the parties which is necessary to complete the contract and give it validity." Briggs v. United Servs. Life Ins. Co., 80 SD 26, 30, 117 NW2d 804, 807 (1962) (citation omitted). In this case, O'Neill signed the contract and then forwarded it to Texas for Reinert's signature. When Reinert signed the lease, the last act necessary to form a valid contract was complete. Therefore, Texas law controls the interpretation of the contract.

[¶13.]     Regarding this first factor, O'Neill argues South Dakota law should control because O'Neill Farms had to receive payment before the combine would be delivered. While unclear from the briefs, O'Neill appears to argue that receipt of payment was a condition precedent to the existence of a valid contract. The lease states: "It is agreed that the owner will receive a check before the delivery of this combine." This clause was not a condition precedent to the validity of the contract. Rather, this clause was a "limitation on the contractual obligations of the parties" in a completed, valid contract. *See* Johnson v. Coss, 2003 SD 86, ¶13, 667 NW2d 701, 705-06 (quoting 13 Richard A. Lord, Williston on Contracts § 38:1 (4th ed 2000)). Therefore, the circuit court correctly determined Texas law controlled interpretation

of the contract because the last act "necessary to complete the contract and give it validity" occurred in Texas. *Briggs*, 80 SD 26, 30, 117 NW2d at 807 (citation omitted).

[¶14.] The next factor in analyzing the reasonableness of a forum-selection clause is the residency of the parties. *Baldwin*, 363 NW2d at 194. The circuit court determined that "[t]his factor is not central as to the final resolution of the motion because it weighs evenly between the parties." Indeed, one party resides in South Dakota, and one party resides in Texas. However, we disagree that this weighs evenly as to the *reasonableness* of the forum-selection clause. *See Bremen*, 407 US at 17, 92 SCt at 1917 ("We are not here dealing with an agreement between two Americans to resolve their essentially local disputes in a remote alien forum. In such a case, the serious inconvenience of the contractual forum to one or both of the parties might carry greater weight in determining the reasonableness of the forum clause."). This forum-selection clause did not transfer an "essentially local dispute" to a forum that was alien to the parties. In this case, we have a South Dakota resident and a Texas resident attempting to resolve an essentially local dispute in one of two *local forums*. *See Klenz*, 2002 SD 72, ¶40 n*, 647 NW2d at 742 n* (Konenkamp, J., concurring in result) ("South Dakota does have a significant interest in providing citizens with a forum in which to resolve disputes[.]"). Therefore, because "[t]he forum selected is the home of one of the parties to the contract and, thus, has a reasonable relationship to the transaction," this factor provides no evidence of unreasonableness. Vanier v. Ponsoldt, 251 Kan 88, 101, 833 P2d 949, 959 (1992).

[¶15.]    The third factor in analyzing the reasonableness of a forum-selection clause is the place of execution or performance of the contract. *Baldwin*, 363 NW2d at 194. The circuit court determined that because performance occurred in both states, the place of execution controlled this factor. We disagree. The contract's partial performance in South Dakota where payment was received and where the combine was shipped from make South Dakota a reasonable state as the chosen forum. As to execution of the contract, the circuit court reasoned that this lease was "executed" in Texas when Reinert signed the contract. *See, e.g.*, Black's Law Dictionary 321 (7th ed 1999) (stating an "executed contract" is "[a] signed contract" or "[a] contract that has been fully performed by both parties"). According to this definition, this contract was partially executed in both South Dakota, where O'Neill signed, and in Texas, where Reinert signed. Because execution and performance occurred in both states, this factor provides no evidence of unreasonableness.

[¶16.]    The fourth factor is the location of the parties and witnesses probably involved in the litigation. *Baldwin*, 363 NW2d at 194. We have stated that "convenience of witnesses and accessibility of records . . . are not sufficient reasons to allow parties to a contract to disavow their promises." *Green*, 272 NW2d at 816 (citation omitted). While the location of the witnesses is not determinative, it is a valid factor to be considered. It appears from the record that parties and witnesses are located in both South Dakota and Texas; and, the combine was last located in South Dakota. The circuit court concluded that because Reinert stated in his affidavit that the majority of witnesses are located in Texas, this factor weighed in favor of the forum-selection clause being unreasonable. The weight afforded this

factor is not significant because the witnesses may not have to be transported to South Dakota. As other courts have recognized, defendants can receive a fair hearing "by using deposition testimony of its witnesses from distant places." *See Bremen*, 407 US at 19, 92 SCt at 1918.

[¶17.]     The fifth factor is the availability of a remedy in the designated forum. *Hoffman*, 571 FSupp at 549. South Dakota and Texas are well equipped to afford relief to either party in this case. Consequently, this factor provides no evidence of unreasonableness.

[¶18.]     The final factor applicable to this case is found in *Carnival Cruise Lines v. Shute*, 499 US 585, 596, 111 SCt 1522, 1529, 113 LEd2d 622 (1991). In *Carnival Cruise Lines*, the Supreme Court enforced a non-negotiated, boiler-plate agreement between unequal participants. While those are not the facts of this case, and we need not address *Carnival's* application in its entirety, the reasoning adopted by the United States Supreme Court is instructive. In analyzing the reasonableness of the forum clause, the Court noted that a corporate defendant "has a special interest in limiting the fora in which it potentially could be subject to suit" when it deals with individuals from many locations. *Carnival Cruise Lines*, 499 US at 596, 111 SCt at 1529. O'Neill Farms shares the same concerns the Supreme Court recognized in *Carnival*. Because O'Neill Farms' combine rental business leases harvesters throughout the Midwest, including a forum-selection clause in its contracts is reasonable. O'Neill Farms has a legitimate reason to limit venue to the state where its principal place of business is located so as to dispel confusion as to where suit can be brought and defended. *Id*.

[¶19.] In deciding that the forum-selection clause was unreasonable, the circuit court completed a balancing of the four *Baldwin* factors, essentially placing each factor on one side of a scale. The circuit court acknowledged Justice Konenkamp's concurrence in *Klenz*, stating that forum-selection clauses are "prima facie valid" and should only be found unenforceable if there is a "strong showing" of "unreasonableness." *Klenz*, 2002 SD 72, ¶36, 647 NW2d at 741 (Konenkamp, J., concurring in result) (citation omitted). Nonetheless, the circuit court felt bound to a four element test under *Baldwin* and *Klenz*. After balancing the *Baldwin* factors, the circuit court concluded that the forum-selection clause was unreasonable because under its analysis more factors weighed in favor of Texas. Notwithstanding the other factors considered in this case, but not in *Baldwin*, we take this opportunity to stress that balancing the four factors is insufficient. Forum-selection clauses are "*prima facie valid* and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Klenz*, 2002 SD 72, ¶36, 647 NW2d at 741 (Konenkamp, J., concurring in result) (emphasis added) (quoting *Bremen*, 407 US at 10, 92 SCt at 1913). In order to be "unreasonable," Reinert was required to make a "*strong showing*" that South Dakota as a forum would be "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court[.]" *Id.* (emphasis added). In essence, a "strong showing" of "unreasonableness" requires more than balancing the factors and determining that a forum, other than the forum in the forum-selection clause, has more factors weighing in its favor.

[¶20.] This lease was freely negotiated and the result of an arms-length transaction. Reinert has not made the requisite "strong showing" that South Dakota, as a forum, is "unreasonable" or "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court[.]" *See Klenz*, 2002 SD 72, ¶36, 647 NW2d at 741 (Konenkamp, J., concurring in result) (citing *Bremen*, 407 US at 15-18, 92 SCt at 1916-17). At most, Reinert has shown he would be inconvenienced by having to travel to South Dakota, by having to ask his witnesses to testify in South Dakota, and by having South Dakota's courts apply Texas law should the parties litigate here. As recognized above, the weight attached to the location of witnesses in determining whether Reinert will be deprived of his day in court is minor because the witnesses may not have to be transported to South Dakota. *See Bremen*, 407 US at 19, 92 SCt at 1918 (discussing the use of deposition testimony). The fact that a South Dakota court will have to apply Texas law and that Reinert may have to travel to South Dakota is insufficient to constitute a "strong showing" of unreasonableness. Moreover, considering the other factors, South Dakota cannot be deemed an unreasonable forum: at least one of the parties resides here; the agreement was partially performed and executed in South Dakota; both forums can provide an adequate remedy; and, O'Neill had good reason to include such a clause. Therefore, the forum-selection clause's presumption of validity prevails. Reinert is deemed to have consented to personal jurisdiction or waived the requirements for personal jurisdiction in South Dakota. Therefore, Reinert is not relieved from his contractual obligation to litigate in this state.

## CONCLUSION

[¶21.]      We hold that Reinert failed to rebut the forum-selection clause's presumption of enforceability by making the requisite strong showing of unreasonableness.  Therefore, the circuit court erred in granting Reinert's motion to dismiss for lack of personal jurisdiction.  Because the circuit court's ruling on Issue II was premised on finding the forum-selection clause unreasonable, our contrary holding regarding the forum-selection clause is dispositive.  Therefore, we do not reach Issue II.  *See Burger King*, 471 US at 473 n14, 105 SCt at 2182 n14. ("[P]arties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction.  Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process.") (internal citations omitted).

[¶22.]      Reversed and remanded.

[¶23.]      GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.